Joe Allen BAKER, Plaintiff–Appellee,

v.

GULF & WESTERN INDUSTRIES, INC., et al., Defendants–Appellants.

Joe Allen BAKER, Plaintiff–Appellant,

v.

GULF & WESTERN INDUSTRIES, INC., et al., Defendants–Appellees.

Nos. 87–5098, 87–5202.

United States Court of Appeals, Eleventh Circuit.

Aug. 1, 1988.

---

Charles C. Powers, P.A., Philip Burlington, West Palm Beach, Fla., for plaintiff-appellee.

Pucillo & Jaynes, P.A., Anthony E. Pucillo, West Palm Beach, Fla., for Gulf & Western Industries.

Roberts & Reynolds, George P. Roberts, Jr., Kenneth W. Moffet, West Palm Beach, Fla., for Risk Management Services, Inc.

Before RONEY, Chief Judge, KRAVITCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.

RONEY, Chief Judge:

The district court dismissed as time-barred this complaint alleging violations of 42 U.S.C.A. § 1981 and two pendent state law claims. Joe Allen Baker, a doctor who had contracted to be the medical director for the defendant and to render medical services to its employees, alleged improper termination of his contract and insufficient compensation under the terms of his contract. The district court applied the two-year statute covering actions to recover wages. We hold that the four-year statute of limitations for personal injury would apply to Baker's federal claims, and reverse.

Baker alleges that as a Florida physician, he contracted with Gulf & Western Food Products Company (G & W), a sugar products manufacturer located in Palm Beach County and a wholly owned subsidiary of defendant Gulf & Western Industries, Inc., to be its medical director and to render medical services to its employees for injuries covered by the Florida Workers' Compensation Act. See Fla.Stat.Ann. Ch. 440. Pursuant to the contract, Baker rendered medical services to all G & W employees, charging a customary fee not exceeding that published by the Florida Bureau of Workers' Compensation pursuant to Chapter 440.

During the summer of 1980, G & W demanded that Baker reduce his charges for all services to the seasonally employed employees from the British West Indies. The reduction was to a level substantially below his customary rate, and below the cost of rendering reasonably necessary care for the average claim, so that Baker had to either lose money or render substandard care. Baker refused to accept these demands. This refusal caused Baker's contract to be terminated. For some years *preceding* 1980, G & W forced Baker to accept less than his reasonable rate on medical services rendered to these employees, so that he allegedly received inadequate compensation for services rendered in those years.

The theory of Dr. Baker's federal cause of action is that because the British West Indies alien employees were black, the requirements which would lead to reduced medical services for them, as compared to the other employees of G & W, were racially discriminatory. We need not here concern ourselves with whether Dr. Baker, who is white, had standing to bring this cause of action, nor are we concerned with the factual accuracy or legal merits of the claim. The sole question before us is whether, assuming a valid federal claim,

the district court properly dismissed the complaint as barred by the two-year limitations statute.

In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that in characterizing a Section 1983 claim for statute of limitations purposes, federal law was controlling; that a single statute of limitations should be selected to govern all Section 1983 claims; and that because claims under Section 1983 are in essence claims for personal injury, the state statute applicable to personal injury should be borrowed. *Id.* at 270, 275, 276–80, 105 S.Ct. at 1943, 1946, 1947–49. The Supreme Court extended *Wilson*'s rationale to Section 1981 actions in *Goodman v. Lukens Steel Co.*, —— U.S. ——, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). The parties agree that actions for personal injury in Florida fall within the subsections enumerated in Fla.Stat.Ann. § 95.11(3), which provides for a four-year statute of limitations period. *See* Fla.Stat.Ann. § 95.11(3).

Since this cause of action arose prior to the 1985 *Wilson* decision and the 1987 *Goodman* decision, the question arises as to whether the principles there announced should be applied retroactively. We hold that they should be on the facts of this case. The Supreme Court has established a three-part test to apply in determining whether a rule of law should be applied retroactively:

*First,* if the decision is not to be applied retroactively, it must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed.

*Second,* the merits and demerits in each case must be considered by looking to the prior history of the rule, its purpose and effect, and whether retroactive operation will further or retard its operation.

*Third,* the inequity imposed by retroactive application must be evaluated and if the decision could produce substantial inequitable results if applied retroactively,

injustice or hardship should be avoided by a holding of nonretroactivity.

*Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971).

The district court applied Fla.Stat.Ann. § 95.11(4)(c), which provides for a two-year limitation on "an action to recover wages or overtime or damages or penalties concerning payment of wages and overtime." Defendants cite as controlling our prior cases which applied a two-year statute of limitations to employment cases. It is not accurate, however, to characterize plaintiff's claims as being solely for loss of "wages." Because of the nature of the employment alleged, it would appear that a development of the facts would find Dr. Baker to be more of an independent contractor, rather than an employee who works for wages. Nowhere does Baker's complaint allege that he was an employee of G & W. The complaint merely alleges that Baker contracted to be the medical director and charged a customary rate to provide medical services to G & W employees, including seasonally employed aliens.

A review of our cases reflects that no one specific statute of limitations has been applied across-the-board to civil rights actions. The choice of the appropriate statute of limitations has turned on the nature of the claim asserted in the civil rights action. *See, e.g., Campbell v. Weatherford,* 427 F.2d 131 (5th Cir.1970) (Fla.Stat.Ann. § 95.11(5)(a) (1967) applied to Section 1983 action for declaration of invalidity of prior convictions); *White v. Padgett,* 475 F.2d 79 (5th Cir.), *cert. denied,* 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973) (Fla.Stat.Ann. § 95.11(5)(a) (1972) applied to Section 1983 action challenging procedures used in adjudicating finding of incompetency and subsequent committal to state hospital); *Williams v. Rhoden,* 629 F.2d 1099 (5th Cir.1980) (Fla.Stat.Ann. § 95.11(3) (1980) applied to Section 1983 action alleging civil conspiracy); *Schaefer v. Stack,* 641 F.2d 227 (5th Cir. Unit B 1981) (Fla.Stat.Ann. § 95.11(3)(f) (Supp. 1980) applied to Section 1983 action by prisoner to recover items seized pursuant to search warrant); *McGhee v. Ogburn,* 707

F.2d 1312 (11th Cir.1983) (Fla.Stat.Ann. § 95.11(4)(c) (Supp.1982) applied to Section 1981 and Section 1983 claims alleging unlawful termination of employment).

Thus, a non-wage, longer than two-year statute might well have been properly applied following our cases at the time this suit was brought. If it was not clear that a longer statute would apply, at least it could be said that our prior precedent was unclear. Retroactivity would be appropriate. *Accord Goodman,* 107 S.Ct. at 2621–22; *Williams v. City of Atlanta,* 794 F.2d 624, 627 (11th Cir.1986).

The purpose of the rule will not be frustrated by retroactive application. The basis for the Supreme Court's decisions in both *Wilson* and *Goodman* was to develop uniformity and certainty in the application of state statute of limitations to civil rights actions. To deny retroactive application of *Wilson* would undermine rather than further the operation of that purpose. *Accord Williams,* 794 F.2d at 627–28; *Goodman,* 107 S.Ct. at 2621–22.

There would be no inequitable result from retroactive application in this case. To be significant to the decision, any claimed inequity must be "substantial" and not merely speculative. *Williams,* 794 F.2d at 628. The defendants assert they would suffer as a result of retroactive application because of a claimed inability to obtain or reconstruct evidence. The record simply does not support such speculative assertions.

Since the *Goodman* decision properly applies retroactively in this case, the district court erred in dismissing count I as time-barred under the two-year statute of limitations embodied in Fla.Stat.Ann. § 95.11(4)(c). A four-year limitations period applies. Count I alleges a cause of action arising out of incidents occurring in the summer of 1980. This suit was brought in April 1984, within the four-year period. The dismissal of count II, on the other hand, must be affirmed, because it alleges claims which were time-barred even under the four-year statute. The claims in count II relate to incidents which occurred prior to 1979.

Since it was error to dismiss the federal claim enumerated in count I, the district court must reconsider its decision to dismiss the pendent claims.

Cross-appellant G & W concedes that in the event of the reversal of the district court's dismissal of the complaint, the cross-appeal challenging the district court's denial of their motion for attorney's fees is due to be affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED.