Calvin GROOMS, Plaintiff,

v.

**WIREGRASS ELECTRIC COOPERATIVE, INC.,**
Defendant.

No. CV–94–D–836–S.

United States District Court,
M.D. Alabama,
Southern Division.

April 3, 1995.

---

Malcolm Rance Newman, Dothan, AL, for plaintiff.

Edward M. Price, Jr., Dothan, AL, for Wiregrass.

John Lee Quinn, Birmingham, AL, for Local 2152.

1. As stated in the court's order issued February 27, 1995, the court *construes said motion as a*

## MEMORANDUM OPINION

De MENT, District Judge.

This matter is before the court on defendant Wiregrass Electric Cooperative, Inc.'s motion filed February 21, 1995, for reconsideration of the court's ruling on the defendant's motion for partial summary judgment.[1] The plaintiff filed a response in opposition on March 8, 1995, to which the defendant replied on March 15, 1995. After careful consideration of the arguments of counsel, the caselaw and the record as a whole, the court finds that the defendant's motion is due to be granted.

### JURISDICTION

Based upon 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), the court properly exercises subject matter jurisdiction over this action. The parties do not contest personal jurisdiction or venue.

### PROCEDURAL FACTS

The plaintiff, a black male, commenced this action on July 5, 1994 against Wiregrass Electric Cooperative, Inc. ("cooperative"), alleging race discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e–17, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The plaintiff also brought a claim against Brotherhood of Electrical Workers, Local 2152 ("union"), contending that it breached the duty of fair representation in refusing to arbitrate the plaintiff's claim and that said refusal was motivated by racial animus. In *Grooms v. Wiregrass Electric Coop., Inc.,* 877 F.Supp. 602 (M.D.Ala.1995), the court found that the plaintiff's claim against the union was barred by the applicable six-month statute of limitations. Accordingly, the court granted summary judgment in favor of the union. The court also granted the cooperative's motion for partial summary judgment as to the plaintiff's wrongful termination claim under Title VII and § 1981.

*renewed motion for summary judgment.*

After entering summary judgment, the remaining claims in this action included a Title VII and § 1981 claim based upon discrimination in hiring and promotions. However, at the pretrial hearing held in this case on February 21, 1995, the plaintiff voluntarily agreed to dismiss the Title VII claim for race discrimination in hiring and promotions. Based upon the plaintiff's representation, the court dismissed with prejudice the Title VII claim in an order issued February 23, 1995.

In the same order, the court ruled that it would consider the cooperative's renewed motion for summary judgment as to the plaintiff's § 1981 claim for race discrimination in hiring and promotions. The court, however, reserved ruling in order to give the plaintiff adequate opportunity to respond to the cooperative's motion. Accordingly, the court will now address the plaintiff's § 1981 claim against the cooperative for alleged discrimination in hiring and promotions.

## SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

**2.** Complete findings of fact are contained in *Grooms v. Wiregrass Electric Coop., Inc.*, 877 F.Supp. 602 (M.D.Ala.1995). The court incorpo-

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In further elaboration on the summary judgment standard, the Supreme Court has said that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is not proper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. *See Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989).

## FACTS [2]

The court, viewing the evidence in the light most favorable to the plaintiff, considers the following facts controlling as to the issues now before the court:

The plaintiff, a black male, asserts that the cooperative discriminated against him in hiring and promotions. Pl.'s Compl. at ¶ 8. That is, the plaintiff claims that despite his "good performance evaluations," white employees whom he had trained were promoted over him. Pl.'s Aff. ¶¶ 6–7. Specifically, the plaintiff claims that Danny Adams ("Adams"), Dave Calloway ("Calloway"), Larry Smith ("Smith") and Joey Brown ("Brown") received job positions that the plaintiff was denied.

### 1. Adams

As to Adams, the plaintiff does not remember the date on which he was denied the promotion or the title of the position:

Q Now, when was Danny Adams passed over you?

A I don't remember the date.

Q Approximately when was it?

A I don't really know.

Q How was he passed over you?

rates by reference those facts into this memorandum opinion.

A  Being put in a position, sent off to school, and others.

Q  What position was he put in that you should have been put in?

A  I don't know what position he's in now.

. . . .

Q  How long ago was it that Danny Adams was moved ahead of you?

A  I don't really remember.

Q  More than five years ago, ten years ago?

A  Three to four years, approximately.

Pl.'s Dep. at 96–97.  The cooperative, however, contends that on August 24, 1986, Adams was promoted from an Apprentice Lineman to a Journeyman Lineman.  Jerry Moseley's Aff. at ¶ 4.  The cooperative further asserts that Adams previously had worked for the company and had experience in this area. *Id.*

### 2.  Calloway

The plaintiff also contends that the cooperative employed Calloway as a Meter Tester and denied him the position because he is black.  As to Calloway's qualifications, the plaintiff testified as follows:

Q  Was he more qualified for the position?

A  I don't know if he was or not.

Q  Was he less qualified than you for the position?

A  I know he had less seniority.  I don't know if he was less qualified.  I don't know what his qualification was.

Pl.'s Dep. at 98.

In rebuttal, the cooperative asserts that on August 22, 1988, it hired Calloway "to handle specific maintenance and repairs."  Moseley's Aff. at ¶ 5.  The job duties included "inspecting substations, [and] maintaining breakers, regulators and regulator panels." *Id.* (brackets supplied).  The cooperative further asserts that Calloway was an "experienced substation and electrician specialist" and that the plaintiff did not possess the requisite skills for the position. *Id.*

### 3.  Smith

The following testimony, extracted from the plaintiff's deposition, pertains to the job that Smith obtained:

Q  [W]hy do you say that you should have been placed in that position?

A  I should have been given the opportunity, whether I was placed in it or not.  I should have been given the opportunity.

Q  Did you apply for that job?

A  Yes, I talked to Floyd Tate, Jerry—

Q  Isn't there a procedure that you go about when you apply for a job?

A  Yes.  When they post it, you go in there and tell them you are interested in the job.

Q  And why do you contend you did not get that job?

A  Because of my race.

Q  When was that?  When did that occur?

A  Three or four years ago, I guess.  I don't know approximately.

Pl.'s Dep. at 99.

While the plaintiff cannot ascertain the exact date of the promotion or the name of the position to which Smith was assigned, the cooperative states that Smith was transferred to "a non-union position as Energy Consultant on October 3, 1989."  Moseley's Aff. at ¶ 6.  According to the cooperative, said position "required a specialized skill in the handling of computers which [the plaintiff] did not have." *Id.* (brackets supplied).

### 4.  Brown

The plaintiff also asserts that he trained Brown, a white employee, who was promoted over him.  Evidence submitted by the cooperative shows that on April 29, 1991, Brown received a promotion to Apprentice Lineman. *Id.* at ¶ 7.

### DISCUSSION

■  In an action alleging disparate treatment under § 1981, a plaintiff must prove an intentional discriminatory motive by presenting either direct or circumstantial evidence of racial animus. *St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, 113

S.Ct. 2742, 2754, 125 L.Ed.2d 407 (1993); *see e.g., Lee v. Russell County Bd. of Educ.,* 684 F.2d 769, 771–72 (11th Cir.1982). Absent direct evidence, as is the case here, a plaintiff can establish intentional discrimination under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).[3]

■ Under the *McDonnell Douglas* and *Burdine* framework, the plaintiff must

> create an inference of discrimination by establishing a prima facie case. If he [or she] does so, the defendant must "articulate some legitimate, nondiscriminatory reason for the employee's rejection." The plaintiff may then attempt to show that these reasons are pretextual or may present other evidence to show that discriminatory intent was more likely the cause of the employer's actions.

*Nix v. WLCY Radio/Rahall Communications,* 738 F.2d 1181, 1184 (11th Cir.1984) (citations omitted) (brackets supplied).

■ Here, the plaintiff contends that he is a victim of discrimination in the refusal of the cooperative to promote him to various positions. Accordingly, the plaintiff must first meet his burden of establishing a prima facie case of race discrimination in hiring and promotions by establishing that: (1) he belongs to a protected class, (2) was qualified and applied for the position, (3) was rejected despite his qualifications, and (4) the position remained open or others with equal or lesser qualifications who were not members of the protected class were promoted or hired to fill the position. *Williams v. Mead Coated Bd., Inc.,* 836 F.Supp. 1552, 1570 (M.D.Ala.1993) (De Ment, J.), *aff'd,* 41 F.3d 668 (11th Cir. 1994) (citations omitted); *see also Jones v. Firestone Tire & Rubber Co., Inc.,* 977 F.2d 527, 536 (11th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2932, 124 L.Ed.2d 682 (1993) (citations omitted).

■ While the plaintiff is clearly within a protected class, the court finds that the plaintiff has failed to establish a prima facie case of discrimination. First, the record is devoid of any evidence that the plaintiff was qualified for the positions at issue. The plaintiff merely asserts that he had more seniority than either Davis, Calloway, Smith or Brown. There is, however, no evidence revealing that the cooperative's method for selecting employees for promotions was based on seniority. In other words, the plaintiff has failed to show that "seniority" and "qualified" are synonymous terms for purposes of promoting employees.

Second, there is no evidence establishing that either Davis, Calloway, Smith or Brown were "equally or less qualified" than the plaintiff. *Wu v. Thomas,* 847 F.2d 1480, 1484 (11th Cir.1988), *cert. denied,* 490 U.S. 1006, 109 S.Ct. 1641, 104 L.Ed.2d 156 (1989). In fact, as to Calloway and Smith, the record establishes just the opposite. The cooperative has submitted evidence that Calloway and Smith's skills and experience surpassed that of the plaintiff's. The plaintiff, however, has failed to present even a scintilla of evidence showing that the aforementioned employees' qualifications were either the same or inferior to those of the plaintiff. As to Calloway, the plaintiff even admits that he did not know what his qualifications were.

■ As demonstrated, the plaintiff has failed to establish the crucial elements of his prima facie case. Moreover, the plaintiff has failed to provide any evidence other than conclusory allegations. Such allegations cannot interpose genuine issues of material fact into the litigation, so as to preclude entry of a summary judgment. *See Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted) (holding that "if the evidence is merely colorable or is not significantly probative, summary judgment may be granted").[4]

---

**3.** While *McDonnell Douglas* involved discrimination in hiring under Title VII, the legal elements of a § 1981 and Title VII claim predicated on disparate treatment are identical. *Stallworth v. Shuler,* 777 F.2d 1431, 1433 (11th Cir.1985).

**4.** Even assuming, ***arguendo,*** that the plaintiff had sustained his burden under the *McDonnell Doug-*

## CONCLUSION

For the foregoing reasons, the court finds that the plaintiff has failed to assert a viable claim under 42 U.S.C. § 1981 for race discrimination in hiring and promotions. Accordingly, defendant Wiregrass Electric Cooperative, Inc.'s renewed motion for summary judgment is due to be granted.

A judgment in accordance with this memorandum opinion shall be entered separately.

*las* analysis, a question arises as to whether the plaintiff's § 1981 discrimination claim is barred by the applicable statute of limitations. The statute of limitations for § 1981 claims is determined by borrowing the personal injury statute of limitations from the state in which the federal court is sitting. *Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1482 (11th Cir.1988), citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). In Alabama, a personal injury action must be brought within two years of the alleged harm. Ala.Code § 6–2–38(*l*) (1975). Because the plaintiff's claim fails on the merits, the court need not address the timeliness issue or the plaintiff's assertion that the alleged acts of the cooperative constitute a continuous violation.