[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16276
Non-Argument Calendar

_____

D. C. Docket No. 04-60941-CV-JIC

DORMEZIL JEAN ERICK,

Plaintiff-Appellant,

versus

BORDER PATROL OF FLORIDA STATE,
Chief Patrol Agent,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 14, 2005)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Dormezil Jean Erick, a prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his civil action, brought pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  Erick sought monetary damages, in June of 2004, as compensation for his allegedly illegal detention by the Border Patrol for 39 days in 1997, following his order of release from jail on cocaine charges, and for his 1998 conviction and sentence for those charges, which he claims resulted from the fact that his Border Patrol detention was revealed to the jury at trial.  The district court dismissed Erick's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), finding that his cause of action had accrued no later than his trial in 1998, beyond the four year limitations period that applied to Erick's *Bivens* claim under Florida law.

We review a § 1915(e)(2)(B)(ii) dismissal *de novo*.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Erick contends that his cause of action did not accrue until December of 2000, less than four years before he filed his complaint, when he received an information sheet from prison officials containing the reason for his 1997 detention.  Erick also argues on appeal that his claim was brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), rather than *Bivens*.

2

Federal officials can be held liable for injuries that they cause in violation of the Constitution. *Bivens*, 403 U.S. at 395, 91 S. Ct. at 2004. The statute of limitations applicable to 42 U.S.C. § 1983 actions applies to *Bivens* claims. *Kelly v. Serna*, 87 F.3d 1235, 1239 (11th Cir. 1996). State law governs the limitations period in § 1983 cases, and "§ 1983 claims are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 1949, 85 L. Ed. 2d 254 (1985). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582, 102 L. Ed. 2d 594 (1989). Florida law provides multiple statutes of limitations for personal injury actions, and a residual limitations period of four years. *Fla. Stat.* § 95.11(3)(p); *Baker v. Gulf & W. Indus.*, 850 F.2d 1480, 1481-83 (11th Cir. 1988). The method for determining the date when a cause of action accrued for purposes of the statute of limitations in § 1983 cases is also used for *Bivens* claims, and the plaintiff's cause of action accrues when he knows or has reason to know of his injury and who has inflicted it. *Kelly*, 87 F.3d at 1238-39; *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

3

The FTCA imposes a two-year statute of limitations within which tort claims against the United States must be "presented in writing to the appropriate Federal agency." 28 U.S.C. § 2401(b). A claim under the FTCA accrues when the plaintiff has knowledge of his injury and its cause. *United States v. Kubrick*, 444 U.S. 111, 123, 100 S. Ct. 352, 360, 62 L. Ed. 2d 259 (1979).

Erick's complaint indicates that the jury at his 1998 trial was made aware of his detention by the Border Patrol. As a result, we conclude that his cause of action accrued at that time, when he knew or had reason to know of any possible injury and its cause. The fact that the jury in Erick's 1998 trial learned of his detention, which is at the very heart of his complaint, contradicts Erick's assertion that he himself did not learn that the Border Patrol was responsible for his detention until 2000. Regardless of whether Erick's complaint had been construed as a *Bivens* claim or a claim under the FTCA, his complaint was brought before the district court nearly six years after his claim accrued, well past the longest possible statutory limitations period of four years.

Erick also argues, for the first time on appeal, that the district court should have applied equitable tolling to the statute of limitations in his case, because he was misled about the cause of his detention and had no reasonable way of discovering the cause. We do not consider arguments raised for the first time on

4

appeal unless one of five exceptions is met. *Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994). No exception is found in this case so we decline to address this issue.

For the foregoing reasons, we affirm the judgment of dismissal.

**AFFIRMED.**