[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17133
Non-Argument Calendar

_____

D. C. Docket No. 05-01695-CV-ORL-19DAB

MAX E. JOSEPH,

Plaintiff-Appellant,

versus

STATE MUTUAL LIFE INSURANCE COMPANY OF AMERICA,
ORANGE COUNTY MEDICAL EXAMINER,
OSCEOLA COUNTY SHERIFF'S DEPARTMENT,
ROGER DUMAS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 4, 2006)

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Max E. Joseph, a state prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint alleging that his Fourth Amendment rights were violated when defendants colluded to circumvent the warrant requirement in order to obtain privileged information about him. On appeal, Joseph argues that the district court erred in dismissing his claim as time-barred because his cause of action did not accrue until March 7, 2005.

Pursuant to 28 U.S.C. § 1915A, "[t]he [district] court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court is to identify cognizable claims, or dismiss the complaint or portions thereof that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Under 28 U.S.C. § 1915(e), any in forma pauperis ("IFP") action or appeal shall be dismissed at any time if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B). We review frivolity dismissals, pursuant to § 1915(e)(2)(B)(i), for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). A claim is frivolous if it is without arguable merit

2

either in law or fact.  Id.

Section 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations. Owens v. Okure, 488 U.S. 235, 236, 109 S. Ct. 573, 574, 102 L. Ed. 2d 594 (1989).  Joseph filed his complaint in Florida, where the alleged violation of his Fourth Amendment rights occurred and where the statute of limitations in personal injury actions is four years.  Fla. Stat. § 768.28(14); see Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1481-83 (11th Cir. 1988).

"Federal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).  The period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown v. Ga. Bd. of Pardons and Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (quotation omitted).  To dismiss a prisoner's complaint as time-barred prior to service, it must "appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar."  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (quotation omitted).

The record indicates that the alleged violation of Joseph's Fourth

Amendment rights occurred in September 1981. Joseph did not file his § 1983 complaint alleging this cause of action until November 2005, 24 years after the violation occurred, and well beyond the 4-year statute of limitations. The record does not disclose any facts that would support tolling the statute of limitations. In the absence of an applicable toll, Joseph's claim accrued in September 1981, not March 2005, as asserted in his brief.

To the extent that Joseph argues that his cause of action did not accrue until the Supreme Court decided Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242 (2005), that argument is unavailing. Joseph does not allege that a ruling in this case would affect his conviction. Thus, there was not delay in the accrual of his cause of action, and the district court did not err holding that it was time-barred.[1]

Accordingly, the district court did not abuse its discretion in dismissing Joseph's § 1983 action as frivolous. We affirm.

**AFFIRMED.**

---

[1] If Joseph were challenging his conviction or sentence, then his cause of action would be barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). In Heck, the Court held that "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87, 114 S.Ct. at 2372. If this type of action is brought prior to the invalidation of the challenged conviction or sentence, it must be dismissed as premature. Id. at 487, 114 S.Ct. at 2372.