[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
07/01/99
THOMAS K. KAHN
CLERK

_____

No. 98-8813
Non-Argument Calendar

_____

D.C. Docket No. CV-698-11

CHARLES HARPER,

Plaintiff-Appellant,

versus

DR. JENKIN,
TOMMY REDDISH,
LOUISE CASON,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

**(July 1, 1999)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Section 1997e(a) of the Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other federal law, by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies in this case because the prisoner, the appellant, filed his complaint after the PLRA's effective date.

Appellant is an inmate in the Georgia state prison system. He seeks both monetary and injunctive relief on the ground that appellees, or one of them, violated his Eighth (and Fourteenth) Amendment right to be free of cruel and unusual punishment by refusing him needed medical treatment. Because appellant seeks such relief, section 1997e(a) required that he exhaust his administrative remedies before bringing suit.

Appellant has invoked the prison system's administrative process; he has done so by filing a grievance. His grievance has been denied, however, because it was untimely. Appellant could appeal such denial (within the prison system); he contends, however, that appeal would not be heard (because his grievance was untimely). Given this circumstance, his argument continues, he has exhausted his administrative remedies and, thus, the PLRA's exhaustion requirement. We disagree.

As the district court noted in disposing of this case, Georgia State Prison Inmate Grievance Procedure No. 503.1 allows the grievance coordinator to waive the time period for filing a grievance if "good cause" is shown. Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies. If we were to accept appellant's position – that the filing of an untimely grievance exhausts an inmate's administrative remedies – inmates, such as appellant, could ignore the PLRA's exhaustion requirement and still gain access to federal court merely by filing an untimely grievance.

In sum, we affirm the district court's dismissal of appellant's complaint without prejudice for failure to exhaust his administrative remedies.

AFFIRMED.