[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-14688
Non-Argument Calendar

_____

D. C. Docket No. 00-00393-CV-JOF-1

ARSENIO LEAL,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 25, 2001)**

Before ANDERSON, Chief Judge, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Arsenio Leal, proceeding pro se, appeals the district court's sua sponte

dismissal of his 28 U.S.C. § 1983 civil rights action pursuant to the Prison

Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(b)(1), for failure to state a

claim upon which relief may be granted. Leal argues that the district court erred in concluding that his failure to satisfy the statute of limitations precluded him from stating a claim. For the reasons stated below, we vacate and remand.

## I. BACKGROUND

Leal, a Georgia prisoner, filed a <u>pro se</u> § 1983 complaint against the Georgia Department of Corrections ("DOC") in February 2000 alleging that: (1) the DOC did not adequately perform its duty to protect him from an attack by another inmate in March 1997; (2) the DOC was negligent in responding to the attack, which resulted in additional injuries; and (3) after a disciplinary hearing, he was placed in isolation, while the inmate who attacked him was not disciplined. Leal sought monetary damages and an order from the district court expunging the disciplinary report from his institutional record.

On July 20, 2000, the district court entered a two and one-half page order dismissing Leal's suit, <u>sua sponte</u>, under the PLRA's screening provisions, 27 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.[1] The court reasoned that Leal's suit was barred by Georgia's two-year

---

[1] Section 1915A states in pertinent part:
(a) Screening.-- The court shall review, before docketing, if feasible or, in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for Dismissal. -- On review, the court shall identify cognizable

2

statute of limitations applicable to § 1983 suits because the complained-of-actions occurred in March 1997, and Leal did not file suit until February 2000.

On August 23, 2000, Leal filed his notice of appeal from the dismissal. To be timely, a <u>pro se</u> prisoner's notice of appeal in a civil case must either be filed in the district court, or alternatively, placed in the institutional mail system or legal mail system, not later than 30 days after the judgment appealed from is entered on the docket. <u>See</u> Fed. R. App. P. 4(a)(1)(A) & (c)(1); <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988). However, the 30-day appeal period does not begin to run until a final judgment is entered on a separate document pursuant to Federal Rules of Civil Procedure 58 and 79(a).[2] <u>See</u> Fed. R. App. P. 4(a)(7) ("A judgment or order is entered for purposes of Rule 4(a) when it is entered in compliance with Rule 58 and 79(a) of the Federal Rules of Civil Procedure"). Here, the district court entered an order dismissing Leal's suit on July 20, but the court failed to enter a final judgment on a separate document pursuant to Rule 58.

---

claims or dismiss the complaint, or any portion of the complaint, if the complaint --

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

[2]Rule 58 provides, in relevant part, that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed. R. Civ. P. 58. Rule 79(a) requires that a judgment or order be entered on the civil docket and that the docket "show the date the entry is made." Fed. R. Civ. P. 78(a).

Because "the time to file a notice of appeal does not begin to run until a separate judgment is entered pursuant to Rule 58 . . . there is no lack of appellate jurisdiction on the basis of untimeliness" even though Leal did not file his notice of appeal until August 23. See Reynolds v. Golden Corral Corp., 213 F.3d 1344, 1346 (11th Cir. 2000) (per curiam).

Instead, we are faced with a violation of the separate judgment rule. In such a case, we have reasoned that it would be "futile and a waste of judicial resources to remand to the district court for entry of a conforming judgment." Id. Instead, we will assume appellate jurisdiction and construe Leal's notice of appeal as timely since there is no separate judgment from which the appeal period ran. Id. at 1347.

## II. DISCUSSION

Having concluded that we have appellate jurisdiction, we turn to the merits. Leal argues that the statute of limitations is inapplicable to him because: (1) DOC staff members informed him that his only recourse was through the prison's internal grievance procedures, which he exhausted, and which delayed his filing of the suit against the DOC; (2) since the statute of limitations began to run, the DOC has moved him to two different prisons, placed him in isolation, and put him into a mental health facility, which significantly delayed his ability to research the issues herein; (3) the DOC lacks staff to help the Spanish-speaking inmates with English

4

legal requirements, which delayed his appeal; and (4) even under the adverse conditions caused by the state, he acted reasonably and diligently in effecting timely and proper service.

The DOC responds that Leal's suit is barred by the statute of limitations and that, even if true, none of his justifications for failing to file a timely claim is sufficient to invoke Georgia's tolling doctrines. Further, the DOC also argues that this suit is barred by the Eleventh Amendment, and that the Department is not subject to suit under § 1983 because it is not a "person" within the meaning of the statute.

## A. Standard of Review

We have not yet decided what standard of review applies to a district court's sua sponte dismissal under 28 U.S.C. § 1915A(b)(1). However, we have concluded that we review de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[3] See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). We found de novo review appropriate because the language of § 1915(e)(2)(B)(ii) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus, the well-settled de

---

[3] Section 1915(e)(2)(B)(ii) pertains to in forma pauperis proceedings, and states in pertinent part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii) (2000 West. Supp.).

5

novo standard for 12(b)(6) dismissals should apply with equal force to a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).[4] Id.; see also Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (noting that this Circuit reviews de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6)). The same reasoning applies with respect to a dismissal under § 1915A(b)(1) for failure to state a claim because this section mirrors § 1915(e)(2)(B)(ii). At least six other circuits that have considered the appropriate scope of review have also concluded that review should be de novo. See, e.g., Sanders v. Sheahan, 198 F.3d 626, 626 (7th Cir. 1999); Liner v. Goord, 196 F.3d 132, 134 (2nd Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998) (per curiam); Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), rev'd on other grounds, Starks v. Reno, 210 F.3d 373 (table), 2000 WL 353526 (6th Cir. 2000) (per curiam) (unpublished); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). We agree and hold that de novo review should be employed on appeal from a § 1915A(b)(1) sua sponte dismissal for failure to state a claim.

**B. The Statute of Limitations**

---

[4]Federal Rule of Civil Procedure 12(b)(6) permits a civil party to interpose a motion to dismiss for "failure to state a claim upon which relief may be granted."

6

The PLRA amended 42 U.S.C. § 1997e to provide that:

> No actions shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. 1997e(a) (West. Supp. 2000).  We have recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court."  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting Freeman v. Francis, 196 F.3d 641, 643-44 (6th Cir. 1999)).  This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court.  See id. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), modified on other grounds, 216 F.3d 970 (11th Cir. 2000) (en banc); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming

7

dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's Bivens action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court)).

Before filing the instant § 1983 suit, Leal indicates that he pursued the administrative remedies available to him in the Georgia prison system. However, before he filed the instant suit, two years expired, and thus, unless tolled, the statute of limitations expired. See Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986) (concluding that "the proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries"). Specifically, the alleged constitutional violations occurred on March 23, 1997, and Leal did not file suit until February 14, 2000, almost three years later.

On appeal, Leal argues that the statute of limitations should not apply to him, given the facts of his case. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). In so doing, we interpret Leal's argument to be that the statute of limitations should have tolled while he was exhausting his administrative remedies.

8

Because the statute of limitations may have been tolled on account of Leal's exhaustion of administrative remedies, it does not appear beyond a doubt from the complaint itself that Leal can prove no set of facts which would avoid a statute of limitations bar. See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832 (1989) (employing the Rule 12(b)(6) standard with respect to a predecessor statute). Accordingly, we must vacate the district court's sua sponte dismissal under § 1915A.

However, we decline to decide in the first instance the legal issue of whether the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) and the actual exhaustion of remedies by a prisoner will operate to toll the statute of limitations. Because Leal's complaint was dismissed pursuant to the PLRA's screening procedures, he had no opportunity to present his statute of limitations arguments to the district court. Indeed, Leal's complaint was dismissed before any responsive pleadings were filed by the DOC. Thus, none of the arguments interposed on appeal were addressed below.

"Issues raised for the first time in this Court are generally not considered because the district court did not have the opportunity to consider them." Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999) (per curiam). While there are five exceptions to this general rule, see Dean Witter Reynolds, Inc.

9

v. Fernandez, 741 F.2d 355, 360-61 (11th Cir.1984), we will not exercise our discretion to entertain the parties' arguments for the first time on appeal in this case, see United States v. Southern Fabricating Co., 764 F.2d 780, 781 (11th Cir.1985) (per curiam) (observing that "[t]he decision whether to consider" an argument raised for the first time on appeal "is left to the appellate court's discretion"). Instead, we vacate the district court's sua sponte dismissal of Leal's § 1983 suit and remand for the district court to consider, in the first instance, whether the statute of limitations is tolled by a prisoner's satisfaction of the mandatory exhaustion requirements of § 1997e(a). See Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000) ("the statute of limitations which applied to [the prisoner's] civil rights action was tolled for the period during which his available state remedies were being exhausted"); Harris v. Hegmann, 198 F.3d 153, 156-59 (5th Cir. 1999) (looking to state tolling doctrines to determine whether a prisoner's mandatory exhaustion of administrative remedies under § 1997e(a) should toll the statute of limitations for purposes of a § 1983 suit). If the district court resolves this legal issue in favor of tolling, then the court should address the factual issue of whether Leal pursued administrative remedies such that sufficient tolling occurred to enable

10

Leal to avoid a statute of limitations bar.[5]

Should the court find the limitations period satisfied, it should address the DOC's arguments that it is not amenable to suit under § 1983, and the court may, in its discretion, permit Leal to amend his complaint to add the proper parties. Because none of these issues were decided initially, we decline to address them for the first time on appeal. Instead, we vacate the district court's <u>sua sponte</u> dismissal for failure to state a claim and remand for further proceedings consistent with this opinion.

### III. CONCLUSION

Accordingly, we VACATE and REMAND.[6]

---

[5]Of course, the district court, in its discretion, may address the factual issue first, which may moot the legal issue.

[6] Leal's request for oral argument is denied.

11