UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40864
_____


RAUL ADAM TREVINO,

Plaintiff-Appellant,

versus

UNIDENTIFIED HERRERA, Assistant Warden, Michael Unit
Individually and in official capacity;
ASS'T WARDEN, Michael Unit Individually and
in official capacity; UNIDENTIFIED MAJOR, Michael
Unit Individually and in official capacity;
UNIT CLASSIFICATION, Officer, Michael Unit
Individually and in official capacity;
UNIDENTIFIED RODRIGUEZ, Correctional Officer III,
Michael Unit Individually and in official capacity;
UNIDENTIFIED CHAIRMAN, Unit Classification,
Michael Unit Individually and in
official capacity,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Eastern District of Texas
Civil Docket #6:01-CV-512

_____


February 20, 2003

Before JONES, WIENER and DeMOSS, Circuit Judges.[*]

PER CURIAM:

Appellant Trevino, Texas prisoner no. 722977, challenges the district court's dismissal as frivolous of his Section 1983 lawsuit, which was filed against prison officials after he was assaulted by a fellow inmate. The district judge affirmed a magistrate judge's decision that Trevino's complaint is frivolous and fails to state a claim on which relief can be granted. We affirm on the alternative basis that Trevino did not demonstrate that he has exhausted his administrative remedies. Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

Although Trevino appears to have considerable experience in filing prison grievances, it is useful to remind that the Prison Litigation Reform Act requires exhaustion of all administrative remedies before suit may be brought in federal court. 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 739 (2001).

The record shows that Trevino filed step 1 and step 2 prison administrative grievances, but they were denied as untimely. This court has taken a strict approach to the exhaustion requirement. See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of a claim for failure to exhaust

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after the inmate "incorrectly filed an administrative appeal instead of a disciplinary appeal"); <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In line with this approach, which we believe is mandated by the statute and Supreme Court authority, the Eleventh Circuit has expressly rejected the argument that the filing of an untimely grievance exhausts an inmate's administrative remedies. <u>See</u> <u>Harper v. Jenkin</u>, 179 F.3d 1311 (11th Cir. 1999). Likewise, we conclude that Trevino's filing of untimely grievances was insufficient for purposes of exhaustion under the PLRA. Accordingly, the district court correctly dismissed his claim.

**AFFIRMED.**