**Dennis J. ESCOBAR, Plaintiff,**

v.

**James CROSBY, et al., Defendants.**

**No. 03–20325–CIVMORENO.**

United States District Court,
S.D. Florida.

March 22, 2005.

Dennis J. Escobar, Miami, FL, Pro se.

Scott B. Mario, Assistant County Attorney, Miami, FL, for Defendants.

### FINAL JUDGMENT

MORENO, District Judge.

For the reasons stated in the Report of the Magistrate Judge and upon independent review of the file, it is

ORDERED AND ADJUDGED, as follows:

1. The complaint against the unserved defendants Spears and Meece in their individual capacities is dismissed, pursuant to *Fed.R.Civ.P.* 4(m).

2. The motion for summary judgment (DE# 38), filed jointly by the defendants McCray and Alardo, who are sued in their official capacities, is granted, on the ground that plaintiff Escobar failed to fully exhaust his available administrative remedies before bringing suit in this case.

3. The complaint in this case is dismissed in its entirety, pursuant to 42 U.S.C. § 1997e(a).

4. This case is closed.

### REPORT OF MAGISTRATE JUDGE

WHITE, United States Magistrate Judge.

On February 14, 2003, the plaintiff, Dennis J. Escobar, who is confined in the Miami–Dade County Department of Corrections and Rehabilitation ("MDCDCR"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [DE# 1], raising claims that he and other inmates were exposed to "asbestos bacteria" while confined at the Miami–Dade County Main Jail (Pretrial Detention Center). Only Escobar signed the complaint, and for reasons discussed in the Preliminary Report [DE# 15], the Court ruled that class certification was inappropriate, and the case would proceed as an individual action with Escobar as the sole plaintiff. [DE# 18, Order of Partial Dismissal].

The case is pending on claims against four defendants, as follows: 1) Lois Spears, Former MDCDCR Director [*individual capacity, only*]; 2) Jerry Meece, Former Superintendent of the Main Jail [*individual capacity, only*]; 3) Charles McCray, Successor MDCDCR Director [*official capacity, only*]; and 4) Manuel Alardo, Successor Superintendent, Main Jail [*official capacity, only*]. This Cause is before the Court upon a motion for summary judgment filed by defendants McCray and Alardo (DE# 38), in which unserved defendants Spears and Meece have not joined.[1]

---

1. After the Preliminary Report and Order of Partial Dismissal, only two defendants, Spears and Meece, remained in the case. Service of Process by the Marshal was ordered, but the Process Receipts and Returns for them were unexecuted because they were no longer employed by the MDCDCR. The plaintiff was instructed on February 6, 2004, that he must provide current addresses for Spears and Meece by March 15, 2004, or risk dismissal. [Order, DE# 24]. On February 20, 2004, Escobar filed a response [DE# 25], indicating that Spears and Meece, respective-ly, had been replaced by Charles McCray, as MDCDCR Director, and Manuel Alardo, as Superintendent at the main jail. An Order [DE# 26] was entered, directing the Clerk to substitute McCray for Spears, and Alardo for Meece, in their *official* capacities. The Order cautioned Escobar that although this also left the complaint pending against Spears and Meece insofar as they had been sued in their individual capacities, it remained his duty to provide current addresses for them, or risk dismissal of those individual capacity claims.

In their motion (DE# 38), McCray and Alardo argue that they are entitled to judgment on several grounds:

1. The case should be dismissed in its entirety because plaintiff has failed to exhaust his available administrative remedies;

2. Plaintiff's claim for compensatory damages for mental or emotional injury is barred under 42 U.S.C. § 1997e(e), in the absence of a showing of physical injury;

3. Plaintiff's claim for punitive damages fails because the County as a public entity is immune from liability for punitive damages;

4. Plaintiff's claim for declaratory and injunctive relief is moot, because the asbestos removal project at the jail was completed on February 10, 2003, just four days before the plaintiff's complaint in this case was filed; and

5. Plaintiff's [official capacity] claims fail on the merits because the undisputed facts do not establish that Miami–Dade County has a custom or policy of exposing inmates to dangerous levels of asbestos.

For reasons discussed below, the defendants' first asserted ground for judgment, i.e. that the plaintiff failed to exhaust his available administrative remedies, which is a threshold matter, is dispositive of the entire complaint in this case.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper:

[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of a law.

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Court held that summary judgment should be entered against:

[A] party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (Citation omitted).

Thus, pursuant to *Celotex* and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those portions of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1382 (11 Cir.1990).

If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, as the defendant has in this case, the burden then shifts to the nonmoving party, in this case the plaintiff, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11 Cir.), *cert. denied*, 502 U.S. 1048, 112 S.Ct. 913, 116 L.Ed.2d 813

---

Escobar has not provided the required information for Spears or Meece; they therefore could not be served, and accordingly, their dismissal pursuant to *Fed.R.Civ.P.* 4(m), is appropriate.

(1992). It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. *Earley v. Champion International Corp.,* 907 F.2d 1077, 1080 (11 Cir.1990). The non-moving party, even a *pro se* prisoner, cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial *Fed.R.Civ.P.* 56(e); *Coleman v. Smith,* 828 F.2d 714 (11 Cir.1987); *Brown v. Shinbaum,* 828 F.2d 707 (11 Cir.1987). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Baldwin County, Alabama v. Purcell Corp.,* 971 F.2d 1558 (11 Cir.1992).

Despite the liberality with which courts are obliged to interpret *pro se* complaints, "a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford,* 906 F.2d 667, 670 (11 Cir.1990).

An Order of instructions was entered informing plaintiff Escobar of his right to respond to the defendants' motion for summary judgment, and instructing him regarding the requirements of Rule 56 of the Federal Rules of Civil Procedure, and the nature of a proper response to such a motion. Escobar, who remains confined at the county's main jail (Pretrial Detention Center), did not respond to that Order of Instructions or to the defendants' motion for summary judgment.[2]

Through their motion for summary judgment (DE# 38), and the supporting Affidavit of Daphne Killing (DE# 39, Ex. A), McCray and Alardo establish that Escobar did not exhaust his available administrative remedies within the County Department of Corrections before bringing suit in this case. Killing's affidavit establishes, based on her review of departmen-

---

**2.** Escobar did file a "Request for Production of Documents" (DE# 35); and a document captioned "Re: plaintiff's request continuance for Production of Documents" (DE# 40). The Request for Continuance was, in legal effect, a motion to continue discovery and compel production of documents, and was not a motion requesting an extension of time to respond to the motion for summary judgment, or asserting that if the documents in plaintiff's discovery request were not produced, he could not respond to the pending motion for summary judgment.

An Order has been entered denying the motion to compel (DE# 40). Escobar's Production Request (DE# 35) sought: (1) his medical records; (2) use of force reports relating to him; and (3) copies of any § 1983 complaints by other inmates or jail employees concerning exposure to asbestos at the Pretrial Detention Center.

Defendants' response to the motion to compel (Response, DE# 41), indicates that Esco-

bar's entire medical record was produced, first through a partial production, and then a supplemental production which gave him all of his medical records. The request for use of force reports has no relevance to asbestos exposure, which is the subject matter of this lawsuit. The request for other inmates' and employees' § 1983 complaints, should they exist, might be useful to show a pattern of complaints, but would not prove the existence of an official County policy of exposing inmates (and employees) to unsafe levels of asbestos. Moreover, none of the three categories of documents requested has any relevance to the threshold question of whether or not plaintiff Escobar exhausted his available administrative remedies, by filing grievances against the defendants concerning asbestos exposure, and pursuing any available administrative appeals, before bringing suit under § 1983, as was statutorily required of him.

tal records, that plaintiff Escobar himself filed no administrative grievance concerning asbestos exposure at the Miami–Dade County main jail, which is the subject of his complaint, nor, for that matter, did he file any grievances whatsoever at the Pretrial Detention Center during 2003.

Accordingly, the complaint is subject to dismissal due to the plaintiff's failure to comply with the exhaustion provision of the Prison Litigation Reform Act of 1995 ("PLRA"), which is codified at 42 U.S.C. § 1997e(a). Satisfaction of the exhaustion requirement is generally treated as a threshold issue, since the statutory mandate requires an inmate to have fully exhausted his or her available administrative remedies *before* bringing suit on a claim in

federal court. *See Alexander v. Hawk,* 159 F.3d 1321 (11 Cir.1998); *Harris v. Garner,* 190 F.3d 1279, 1286 (11 Cir.1999). The lack of exhaustion argument raised by the defendants McCray and Alardo pursuant to the PLRA, 42 U.S.C. § 1997e(a), is dispositive of all of the plaintiff Escobar's claims in this case.[3]

Defendants McCray and Alardo are correct in arguing that under the PLRA exhaustion provision, 42 U.S.C. § 1997e(a), as to each of his claims, the plaintiff is required to have fully exhausted his available administrative remedies prior to filing suit in federal court. *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Alexander v. Hawk,* 159 F.3d 1321 (11 Cir.1998).[4]

**3.** The Prison Litigation Reform Act of 1995 ("PLRA"), as enacted on April 26, 1996, significantly altered a prisoner's right to bring civil actions *in forma pauperis,* and in pertinent part places new restrictions on a prisoner's ability to seek federal redress concerning the conditions of his confinement. Title 42 U.S.C. § 1997e, entitled Suits by Prisoners, now provides:

(a) Applicability of administrative remedies No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The types of claims which fall within the purview of the statute are not limited to physical conditions encountered within the inmate's cell such as heating or cooling, limited space, or squalor. The kinds of claims raised by the plaintiff in this case come under the statute. The Courts have held that a wide spectrum of claims constitute "prison conditions" for purposes of § 1997e. *See: Harper v. Jenkin,* 179 F.3d 1311 (11 Cir.1999) (prisoner medical claims); *Booth v. Churner, et al.,* 206 F.3d 289 (3 Cir.2000) (case involving excessive force by guards; in which the Court held that for purposes of the PLRA, conditions of confinement—in addition to complaints about things such as overcrowding, inadequate medical facilities, and inadequate law library facilities—also include denial of

food, denial of heating, and denial of medical attention, because all such actions "affect the lives of prisoners similarly," and "make their lives worse"); *Luckerson v. Goord,* No. 00 Civ. 9508(JSR), 2002 WL 1628550, at *1–2 (S.D.N.Y. July 22, 2002) (pro se prisoner's § 1983 complaint based on asbestos exposure was subject to dismissal pursuant to § 1997e(a), where he had not fully exhausted his available administrative remedies on that claim before bringing suit).

**4.** The current exhaustion requirement under § 1997e(a) was designed to reduce the quantity and improve the quality of prisoner suits, and affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case; and in some instances corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating need for litigation. *Porter v. Nussle,* 534 U.S. 516, 516–17, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In other instances, the internal review may filter out some frivolous claims; and for cases ultimately brought to court, an administrative record clarifying the controversy's contours could facilitate adjudication. *Id.* at 517, 122 S.Ct. 983.

The term "available," as used in Section 1997e(a), does not mean that prison inmates must only exhaust their administrative remedies if the type of relief they seek is "available" within the administrative apparatus; in-

In light of the fact that the case is subject to summary disposition based on the threshold inquiry concerning exhaustion of administrative remedies, it is unnecessary to engage in a detailed discussion of the facts of the case and/or of the defendants' other asserted grounds for summary judgment.

Although, as noted in footnote 1 of this Report, dismissal of the complaint against the unserved defendants Spears and Meece is appropriate under *Fed.R.Civ.P.*

4(m), which in pertinent part provides for dismissal of a complaint which has not been served within 120 days of its filing, dismissal of the individual capacity claims against Spears and Meece is also appropriate pursuant to 42 U.S.C. § 1997e(a), in light of Escobar's demonstrated failure to have exhausted his available administrative remedies before bringing suit in federal court in this case.

It is therefore recommended that: 1) as to the defendants Spears and Meece, who

stead, the term means that a prisoner must exhaust all administrative remedies that are available before filing suit, regardless of their adequacy. *Alexander v. Hawk, supra* at 1325–26; *Harris v. Garner,* 190 F.3d 1279, 1286 (11 Cir.1999). This means that an inmate who is seeking money damages as relief from defendants in a lawsuit must exhaust all of his administrative remedies before filing suit, even if money damages are not available as relief through the jail/prison grievance procedure. *Alexander, supra; Moore v. Smith,* 18 F.Supp.2d 1360, 1364 (N.D.Ga.1998).

The Eleventh Circuit has held that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA," *Alexander v. Hawk, supra,* 159 F.3d at 1325–26; *Harris v. Garner,* 190 F.3d 1279, 1286 (11 Cir.1999). Where exhaustion is now a precondition to suit "the courts cannot simply waive those requirements where they determine that they are futile or inadequate," since "such an interpretation would impose an enormous loophole in the PLRA which Congress clearly did not intend," and because "[m]andatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply," *Alexander, supra,* at 1326 [*citing, Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (holding that where exhaustion is a statutorily specified jurisdictional prerequisite, "the requirement...may not be dispensed with merely by a judicial conclusion of futility")]. *Cf. Qawi v. Stegall,* 211 F.3d 1270, 2000 WL 571919 [table case, published on Westlaw], 211 F.3d 1270, 2000 WL 571919, at *1–2 (6 Cir.2000) (Circuit Court affirming district Court's dismissal of the complaint for lack of exhaustion, and noting that the dismissal was appropriate even though by time of the appeal the plain-

tiff's administrative remedies might have become time-barred) (citing *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6 Cir.1999); and *Wright v. Morris,* 111 F.3d 414, 417 n. 3 (6 Cir.1997)).

The Courts have held that with enactment of the PLRA, 42 U.S.C. § 1997e(a), as amended, requires that a prisoner must have taken the appropriate procedural steps to exhaust his administrative remedies, i.e., that the prisoner must have exhausted the available administrative processes before bringing suit in federal court. *Booth v. Churner,* 532 U.S. 731, 736–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that "one 'exhausts' processes, not forms of relief, and the statute provides that one must;" and further holding that "we think that Congress had mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures"); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11 Cir.1999) (incarcerated state prisoner must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983); *Harper v. Jenkin,* 179 F.3d 1311, 1312 (11 Cir.1999) (rejecting plaintiff's argument that his administrative remedies should be deemed exhausted since his grievance was denied as untimely and any appeal therefrom would necessarily be denied; and affirming dismissal of civil rights suit for failure to satisfy mandatory exhaustion requirements, and in doing so holding that the appellant could not be considered to have exhausted his administrative remedies where he had not sought leave to file an out-of-time grievance, since to find otherwise would allow an appellant to simply ignore the PLRA's exhaustion requirement and still gain access to federal court merely by filing an untimely grievance).

are sued in their individual capacities, the complaint be dismissed pursuant to *Fed. R.Civ.P.* 4(m); 2) the motion for summary judgment (DE# 38), filed jointly by the defendants McCray and Alardo who are sued in their official capacities, be granted; 3) the complaint in this case be dismissed in its entirety pursuant to 42 U.S.C. § 1997e(a); and 4) this case be closed.