[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10711
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00543-CV-OC-GRJ

RODERICK T. SIMPSON,

Plaintiff-Appellant,

versus

CARLYLE HOLDER, Warden,
FCC Coleman - Medium,
GREGORY L. PARKS, Former Warden,
FCC Coleman - Medium,
LAWERENCE E. GREEN, Former M.D.,
FCC Coleman - Medium,
JAIME CACHO, M.L.P.,
FCC Coleman - Medium,
JOHN DOE, #1,  Recreation Specialist,
FCC Coleman - Medium,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 23, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Roderick Simpson, a federal prisoner proceeding pro se, appeals the district court's dismissal of his Bivens[1] action for failure to exhaust administrative remedies and failure to state a claim. He also appeals the denial of his motion for reconsideration. We conclude that the district court properly dismissed Simpson's claims and denied his motion for reconsideration. Therefore, we affirm.

## I.    Background

Simpson filed a pro se Bivens complaint against the following FCC Coleman ("Coleman") staff members: Warden Carlyle Holder, former Warden Greg Parks, Dr. Lawrence Green, Jaime Cacho, and one John Doe recreation specialist; and the following Leesburg Regional Medical Center ("LRMC") staff members: Drs. Roger Sherman, J. Mandume Kerina, Ravi Gupta, and Fernandon Serra, and two John Does (collectively "the defendants"). The complaint was based on allegations of deliberate indifference to medical care and negligence resulting in the amputation of Simpson's leg because of an infection that occurred after Simpson had surgery and a skin graft at LRMC for injuries sustained during a

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

flag football game at Coleman.[2]  Simpson sued the defendants in their official and individual capacities.  Simpson alleged that (1) John Doe recreational specialist was deliberately indifferent and negligent for permitting Simpson to play flag football without a medical exam; (2) John Doe 2 at LRMC was deliberately indifferent to medical care and negligent by failing to check the medical chart, which showed that Simpson was a diabetic, and snapping Simpson's knee back into place after the injury; (3) John Doe 3 at LRMC was deliberately indifferent and negligent in the performance of surgery, which led to the infection that required amputation; (4) Dr. Serra was deliberately indifferent and negligent when he performed skin grafts before the wound healed; and (5) Holder and the medical staff at Coleman were deliberately indifferent and negligent because they refused to have Simpson fitted for a prosthesis.  Simpson requested declaratory and injunctive relief and $30 million in damages from each defendant.

Attached to the complaint were copies of grievances and requests for administrative remedies, in which Simpson noted that he was injured during a flag football game, his leg became infected after surgery for the injury, and ultimately the leg was amputated.  The grievances showed that Simpson requested that the

---

[2] This was the second complaint that Simpson filed based on these facts.  The first complaint was dismissed without prejudice in part because Simpson failed to exhaust administrative remedies.

prison officials fit him for a prosthesis per the instructions of the doctors who amputated his leg. The prison officials' responses noted that Simpson's weight precluded the use of a prosthesis but informed Simpson that the doctors would fit him for a prosthesis if he fulfilled their request to reduce his weight from approximately 290 pounds to 225 pounds.

The district court performed the required screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, and dismissed the complaint for failure to exhaust administrative remedies and failure to state a claim. First, the court noted that the only exhausted claim was the allegation of deliberate indifference to provide a prosthesis. Nevertheless, the court concluded that the prosthesis contention failed to state a claim because Simpson's weight prevented doctors from fitting him for the prosthesis, and that this diagnosis with which Simpson disagreed did not amount to deliberate indifference. Second, the court concluded that the other claims were procedurally defaulted because they were not exhausted. The court noted that, although Simpson referred to his other allegations in his grievances, he did not seek any remedy, and the responses from the prison officials did not address the other claims, which would now be time-barred. The court dismissed Simpson's complaint with prejudice.

Simpson moved for reconsideration, asserting that the complaint should not

4

be dismissed with prejudice because of his pro se status and that he should be permitted to amend his complaint. Simpson's motion to reconsider did not include any new allegations to support his claims. He further asserted that the allegedly unexhausted claims should be considered exhausted for § 1915A screening purposes because, as the court noted, Simpson's grievances referred to the other claims. The court denied the motion for reconsideration. Simpson now appeals.

## II. Standard of Review

We review de novo a district court's sua sponte dismissal of a suit for failure to state a claim for relief under § 1915A(b)(1). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001). We review de novo a district court's dismissal of a suit for failure to exhaust administrative remedies. Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998). We "review the denial of [a] motion for reconsideration for an abuse of discretion." Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004).

## III. Discussion

Simpson's appeal presents three questions: (1) whether the district court erred in dismissing his claim for deliberate indifference for the failure to provide a prosthesis; (2) whether the district court erred in concluding that he had not exhausted his other claims; and (3) whether the district court erred in denying his

motion for reconsideration.

First, Simpson argues that the district court erred in dismissing his claim for deliberate indifference for failing to provide a prosthesis because (1) the court mistakenly viewed frivolity and failure to state a claim as synonymous and should have applied the frivolity standard; and (2) Simpson raised an arguable claim for deliberate indifference.

Under § 1915A, the district court must

> review, before docketing, . . . or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer . . . in order to identify cognizable claims or dismiss the complaint, or any portion of the complaint if it . . . fails to state a claim upon which relief may be granted.

28 U.S.C. § 1915A(a), (b)(1); Leal, 254 F.3d at 1278-79.

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinley, 509 U.S. 25, 31 (1993). The Supreme Court has held that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner[] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quotation marks and citations omitted). As we have explained, "[t]o show a prison official acted with

6

deliberate indifference to serious medical needs, a plaintiff must satisfy an objective and a subjective inquiry.  First, a plaintiff must set forth evidence of an objectively serious medical need.  Second, a plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation marks and citations omitted).

The facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment.  Estelle, 429 U.S. at 104-07.  An allegation of negligence is insufficient to state a due process claim. Daniels v. Williams, 474 U.S. 327, 330-33 (1986) (discussing deliberate indifference and negligence under 42 U.S.C. § 1983).[3]

"When the need for treatment is obvious, medical care that is so cursory as to amount to no treatment at all may amount to deliberate indifference." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quotation omitted).  However, a "simple difference in medical opinion" is not deliberate indifference.  Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

Here, the district court properly concluded that Simpson failed to state a claim for deliberate indifference.  The record shows that the prison officials and

---

[3] Law applicable to § 1983 also applies to Bivens claims.  Kelly v. Serna, 87 F.3d 1235, 1239 (11th Cir. 1996).

doctors concluded that Simpson's weight precluded doctors from fitting him for a prosthesis. Simpson's opinion that the prosthesis could be fitted despite his weight is a mere difference of opinion with the prison officials and doctors and does not establish deliberate indifference. Id. Furthermore, Simpson's argument that the district court confused the standards for frivolity and failure to state a claim and should have applied the frivolity standard is without merit. Under § 1915A, the court is required to dismiss on either ground and does not err in applying the failure to state a claim standard.

Simpson next argues that the district court erred by concluding that his other claims were time-barred because the PLRA does not contain a procedural default provision and because the prison has the discretion to accept an untimely grievance. Nevertheless, he contends that he exhausted his administrative remedies.

The PLRA requires prisoners to exhaust administrative remedies before filing suit with respect to prison conditions, and the requirement applies to suits in which the prisoner seeks monetary or injunctive relief. 42 U.S.C. § 1997e(a); Alexander, 159 F.3d at 1328. The PLRA does not contain futility or inadequacy exceptions to the exhaustion requirement. We recently held, however, that the PLRA exhaustion requirement contains a procedural default provision. Johnson v.

8

Meadows, 418 F.3d 1152, 1158-59 (11th Cir. 2005).

Here, the court found that Simpson's claims, except for the deliberate indifference claim for failing to provide a prosthesis, had not been exhausted and would now be time-barred. The district court's ruling was proper. Although Simpson's grievances tangentially referred to his other claims, Simpson's grievances neither requested a remedy nor did the prison officials' responses show that they considered those complaints. Thus, this is not a situation in which the prisoner properly raised his claims but the prison officials simply ignored them. Therefore, Simpson was required to exhaust those claims through the administrative procedures but he failed to do so.

Furthermore, although prison officials may permit an untimely grievance if good cause is shown for the delay, Simpson never attempted to file an out-on-time grievance. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); 28 C.F.R. § 542.14 (noting that grievances should be submitted within twenty days of the incident but allowing for a delay in filing if the prisoner shows good cause). Because Simpson never filed a timely or untimely grievance and prison officials have not addressed the good cause exception, the district court properly determined that he has not exhausted his administrative remedies. Johnson, 418 F.3d at 1157-59. Therefore, Simpson's remaining claims were procedurally defaulted and

unexhausted.

Finally, we consider whether the district court abused its discretion in denying Simpson's motion for reconsideration. In his motion for reconsideration and on appeal, Simpson argues that the district court should have allowed him to amend his complaint before dismissing his complaint with prejudice. This case differs from Brown v. Johnson, in which we held that when an in forma pauperis plaintiff moves to amend following the magistrate judge's report and recommendation but before the district court has entered judgment and before the opposing party has filed a responsive pleading, Federal Rule of Civil Procedure 15(a) mandates that the district court grant the motion to amend. Brown v. Johnson, 387 F.3d 1344, 1348-49 (11th Cir. 2004); Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."). Here, although the defendants had not filed a responsive pleading – in fact, they had not even received process – the district court had already dismissed Simpson's suit when Simpson filed a motion for reconsideration in which he asked to amend his complaint. Therefore, Johnson does not control, and whether to allow amendment was within the district court's discretion. We conclude that because Simpson failed to set forth any additional facts that would support his claims, the district court did not abuse its discretion in

10

denying Simpson's motion for reconsideration.

In conclusion, we AFFIRM the judgment of the district court.

AFFIRMED.