Homer WILLIAMS and Mrs. Faye Williams, Plaintiffs-Appellants,

v.

CITY OF ATLANTA, et al., Defendants-Appellees.

Nos. 85–8852, 85–8905.

United States Court of Appeals, Eleventh Circuit.

July 23, 1986.

As Corrected Aug. 15, 1986.

Lynn H. Whatley, Atlanta, Ga., for plaintiffs-appellants.

Amy D. Levin, Asst. U.S. Atty., Atlanta, Ga., for U.S.A.

W. Roy Mays, III, City Atty., George R. Ference, Marva Jones Brook, Atlanta, Ga., for City of Atlanta.

Victoria H. Tobin, Asst. Atty. Gen., Atlanta, Ga., for State of Ga.

Before KRAVITCH and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

These appeals concern the retroactivity of the Supreme Court's adoption of a new doctrine for statutes of limitation in actions under 42 U.S.C. § 1983. The district court retroactively applied *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and dismissed the plaintiffs' complaints.

## BACKGROUND

On June 22, 1981, a Fulton County, Georgia magistrate issued a warrant for search and seizure at the home of the plaintiffs Homer and Faye Williams. Later that same day local, state and federal law enforcement officials executed the warrant. According to the complaint, the search virtually gutted the Williams home, and resulted in over $10,000 in damage to their property. The complaint also alleged that during the search, officials represented to the Williams that they would be compensated for the damage. The search yielded evidence which was used in the prosecution of the plaintiffs' son for murder. *See Williams v. State*, 251 Ga. 749, 312 S.E.2d 40 (1983).

The Williams unsuccessfully sought compensation for the damage from the City of Atlanta. On June 21, 1985, they filed two identical lawsuits, one in the federal district court, and one in state court. The complaints named as defendants local, state and federal officers, and asserted claims under state law and section 1983.[1] In the case originally filed in the district court (No. 85–8852), the court ruled that the federal claims were barred by the statute of limitations and the district court declined to exercise pendent jurisdiction over the state claims. The federal defendants removed the case filed in the state court (No. 85–8905). The district court then dismissed this action on the same grounds.

### Retroactivity of Wilson v. Garcia

Section 1983 does not contain a statute of limitations; therefore courts must select and apply the most analogous state statute of limitations to section 1983 claims. In the past, this circuit has followed a two-step approach to selecting a statute.

In this Circuit, the choice of an appropriate state statute has proceeded in two steps. First, the court determines the "essential nature" of the claim. Federal

---

1. The appellants also asserted claims under 42 U.S.C. §§ 1981, 1985 and 1988. They concede on appeal, however, that the same statute of limitations should apply to these claims as to the section 1983 claim.

law determines the essential nature of the claim, yet federal law resolves question largely by reference to state law. Second, the court decides which statute of limitations a state court would apply if faced with a claim of the same type or class as the Section 1983 claim.

*Jones v. Preuit & Mauldin,* 763 F.2d 1250, 1252–53 (11th Cir.1985) (citations omitted). Accordingly, different statutes of limitations may have applied to various section 1983 actions within a given state.

■ *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), has simplified the problem of selecting the appropriate statute of limitations in section 1983 actions. Courts no longer need select the proper limitations statute for each individual section 1983 claim; rather, in each state the courts must select one appropriate limitations period for all section 1983 claims. 105 S.Ct. at 1945. The parties agree that after *Wilson v. Garcia* the proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9–3–33 for personal injuries.[2] Accordingly, under *Wilson v. Garcia,* the appellants' section 1983 claims are barred.

Appellants contend, however, that *Wilson v. Garcia* should not be retroactively applied,[3] and that under the prior law of this circuit the most appropriate limitations period would have been the four year period set forth in O.C.G.A. § 9–3–32 for conversion or destruction of personal property.[4]

In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 355, 92 S.Ct. 349 (1971) the Supreme Court articulated a three-part test to determine whether a rule of law announced in a judicial decision should be retroactively applied:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

(citations omitted).

Appellees argue that *Wilson* did not overrule "clear past precedent," in Georgia and that, in fact, *Wilson* is consistent with prior precedent concerning the appropriate statute of limitation for section 1983 actions in Georgia. They assert that cases prior to *Wilson v. Garcia* uniformly selected the two year personal injury statute for section 1983 actions in Georgia.

Appellees' description of the case law in Georgia before *Wilson v. Garcia* is flawed. Prior to *Wilson v. Garcia* there was not a uniform statute of limitations in section 1983 actions in Georgia; rather the appropriate statute varied from case to case. None of the cases cited by appellees in-

---

2. O.C.G.A. § 9–3–33 provides:

   Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

3. In *Jones* the court applied *Wilson v. Garcia* retroactively. 763 F.2d at 1253 n. 2. *Jones,*

however, retroactively applied a *longer* statute of limitations, and the court noted that the defendants did not challenge retroactive application. Moreover, as we discuss below, the propriety of retroactive application of *Wilson v. Garcia* may vary from state to state.

4. O.C.G.A. § 9–3–32 provides:

   Actions for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues.

volved a claim analogous to those advanced in the current case. *See Shank v. Spruill,* 406 F.2d 756 (5th Cir.1969) (wrongful arrest case; court applied personal injury statute); *Wooten v. Sanders,* 572 F.2d 500 (5th Cir.1978) (excessive force in arrest case; court applied personal injury statute); *Neel v. Rehberg,* 577 F.2d 262 (5th Cir.1978) (prisoner case; court applied personal injury statute); *McMillian v. City of Rockmart,* 653 F.2d 907 (5th Cir. Unit B 1981) (false arrest case; court applied personal injury statute); *Sadiqq v. Bramlett,* 559 F.Supp. 362 (N.D.Ga.1983) (injury to character and reputation; court applied personal injury statute); *Jones v. Bales,* 58 F.R.D. 453 (N.D.Ga.1972) (wrongful arrest and detention; court applied personal injury statute), *aff'd,* 480 F.2d 805 (5th Cir. 1973).

Although the personal injury statute was uniformly applied in cases involving wrongful arrests or challenges to detention, in section 1983 cases involving claims of employment discrimination this court refused to apply the personal injury statute, and instead adopted O.C.G.A. § 9–3–22, Georgia's statute for enforcement of statutory rights and recovery of back pay and wages.[5] Under that statute section 1983 plaintiffs had two years in which to file a claim for back pay, but twenty years to file for injunctive relief. *See, e.g., Whatley v. Department of Education,* 673 F.2d 873 (5th Cir. Unit B 1982); *Howard v. Roadway Express,* 726 F.2d 1529 (11th Cir.1984); *Solomon v. Hardison,* 746 F.2d 699 (11th Cir.1984). The court specifically recognized that there was not a single statute of limitations for section 1983 in Georgia. *Whatley,* 673 F.2d at 878.

We agree with appellees, however, that *Wilson v. Garcia* did not overrule clear past precedent applicable to the Williams' case. The Williams cannot point to a single precedent which set forth the statute of limitations for a claim analogous to theirs. Moreover, as discussed above, there is not a single precedent applying the four year limitation period in O.C.G.A. § 9–3–33, for damage to personal property to any section 1983 claim. Indeed, no case from Georgia had applied a period longer than two years to a section 1983 claim for money damages. The process of selecting the most analogous statute of limitations under our former doctrine was a tortuous and uncertain process. *Jones v. Preuit & Mauldin,* 763 F.2d 1250, 1253 & n. 1 (11th Cir.1985); *see also Wilson v. Garcia,* 105 S.Ct. at 1945 n. 24 (choice of one analogy over another is often arbitrary). Even if it appears that the most analogous statute would have been the four year period, in the absence of any precedent, it was not reasonable to wait more than two years to file suit. *See Smith v. City of Pittsburgh,* 764 F.2d 188, 195 (3d Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985);[6] *cf. Orr v. General Finance,* 697 F.2d 1011 (11th Cir.1983) (where decision established new law in Northern District of Georgia, but did not overrule prior circuit precedent, new rule may be applied retroactively). Because of the lack of precedential case law, any reliance on prior doctrine was unreasonable; thus it is not unfair to apply the new doctrine retroactively.

Denying retrospective effect to *Wilson v. Garcia* would not serve the purpose of the Supreme Court's new rule of uniformity. Different statutes of limitation would con-

---

**5.** O.C.G.A. § 9–3–22 provides:

All actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued; provided, however, that all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued.

**6.** In *Smith* the plaintiff contended that prior to *Wilson v. Garcia* a six-year statute applied to his claim. Indeed, prior to *Wilson v. Garcia,* but after the plaintiff filed his action, the Third Circuit applied the six-year statute to a case analogous to the plaintiffs'. 764 F.2d at 195. Because that precedent was not established until after the plaintiff filed his action, appellant had no reason to rely on a six-year period, and *Wilson v. Garcia* could be applied retroactively. *Id.* We find the reasoning of the *Smith* court persuasive.

tinue to apply to various section 1983 claims. Moreover, denying retroactive application in this case would be especially repugnant to the new rule because we would be applying an analogy never even made under the former doctrine. *Wilson v. Garcia,* 105 S.Ct. at 1945 (criticizing former practice of analogizing each section 1983 claim). Accordingly, the second factor of the *Chevron* test weighs in favor of retroactivity. *Cf. Rogers v. Lockheed,* 720 F.2d 1247, 1249 (11th Cir.1983) (prospective application of shorter limitations period would retard new rule), *cert. denied,* — U.S. —, 105 S.Ct. 292, 83 L.Ed.2d 227 (1984).

We also note that the third prong of the *Chevron* test speaks of *"substantial* inequity" (emphasis added). Retroactive application will defeat the appellants' section 1983 claims, where before they may have prevailed. Nevertheless, not one precedent gave appellants reason to wait longer than two years, and accordingly applying a two year period would not work a "substantial inequity."

The majority of circuits that have considered the question have applied *Wilson v. Garcia* retroactively. *See Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985); *Wycoff v. Menke,* 773 F.2d 983 (8th Cir.1985); *Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986). *But see Jackson v. City of Bloomfield,* 731 F.2d 652 (10th Cir.1984).

*Other Claims*

Although we affirm the dismissal of the section 1983 claims, we must also address the district court's disposition of the state law claims. In the case initially filed in federal court, the district court held that the state law claims were pendent, and it declined to retain jurisdiction over them after dismissal of the federal claims. Appellants provide no reason why this was an

abuse of discretion under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The district court's disposition of the state law claims in the removed case is a different matter. First we note that the district court did not even mention the state law claims. We assume, however, that the district court dismissed the claims for the same reason as it did in the companion case, as an exercise of discretion not to consider pendent state claims once the federal claims in a lawsuit are disposed of. *See id.* As we explain below, the district court misunderstood the scope of its discretion.

■ The case filed in state court was removed under 28 U.S.C. § 1442(a)(1), which allows federal officers to remove actions filed against them in state courts. Section 1442(a)(1) created a special ancillary jurisdiction over the state claims in this situation; that is, under section 1442(a)(1), the district court may take the entire case, even if it would not have jurisdiction over any of the claims against a codefendant. *See IFMC Professional Services v. Latin American Home Health,* 676 F.2d 152, 158–59 (5th Cir. Unit B 1982). If the federal defendants are dismissed, the district court has a residual ancillary jurisdiction over the state law claims against the nonfederal defendant. The district court may, in its discretion, decline to exercise this jurisdiction. If so, it must remand the case to state court as "removed improvidently and without jurisdiction" under 28 U.S.C. § 1447(c). *IFMC Professional Services,* 676 F.2d at 160. The reason is simple; if the federal court acting in removal jurisdiction determines that federal jurisdiction does not exist, it remands rather than dismisses because removal was "improvident." The scope of the district court's discretion, therefore, was between adjudicating the state law claims or remanding them; it had no discretion to dismiss them.[7] Accordingly, on remand the

---

7. The appellants did not file a motion to remand the state law claims. The district court, however, sua sponte dismissed the claims against

the state defendants after it dismissed the claims against the federal defendants. In any event, section 1447(c) requires the district court to

district court should either adjudicate the remaining claims or remand them.

Moreover, the district court did not address the state law claims against the federal defendants. These claims were not barred by the statute of limitations and the district court should consider them on remand.

*Conclusion*

The order of the district court in No. 85–8852 is AFFIRMED. The order of the district court in No. 85–8905 is AFFIRMED with respect to the federal claims and REVERSED and REMANDED with respect to the remaining claims.

remand if it finds no jurisdiction, regardless of whether a motion is filed.