[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15276
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-01082-ODE

SHARON BRIDGEWATER,

Plaintiff-Appellant,

versus

DEKALB COUNTY,
by and through Vernon Jones, Chief,
N. T. MARTINELLI,
Executive Officer; Chief of Police for the
DeKalb County Police Department,
C. SCHREINER,
Police Officer; #2491; Individually and in her
official capacity as the arresting Officer,
DETECTIVE GEORGE,
individually and in his/her official capacity
as Detective.,
LIEUTENANT HAMILTON,
Individually and in her/his official capacity
as Lieutenant,
DOES 1 THROUGH 50,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 16, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Sharon Bridgewater, proceeding pro se, filed a 42 U.S.C. § 1983 action against Dekalb County, the Dekalb County Chief of Police, and various Dekalb County police officers, asserting claims under the Fourth and Fourteenth Amendments. The action stems from events that occurred in October and November 2007 in Georgia. Bridgewater filed the complaint in April 2010, more than two years after either event. The district court sua sponte dismissed her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), finding that it was time barred. Bridgewater appears to contend that the statute of limitations should have been tolled under Georgia Code § 9-3-99 while "[c]harges were pending against [her] from 2007 thru [sic] 2009" for "theft by taking."[1]

We review de novo a district court's dismissal of a complaint for failure to

_____

[1] "We construe pro se pleadings liberally." H&R Block E. Enter., Inc. v. Morris, 606 F.3d 1285, 1288 n.1 (11th Cir. 2010).

state a claim under to 28 U.S.C. § 1915(e)(2)(B)(ii), viewing all allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1489–90 (11th Cir. 1997). The length of the limitations period governing a § 1983 action is dictated by state law. Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094 (2007). "[T]he proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); see also GA. CODE ANN. § 9-3-33.

Georgia provides for statutory tolling of tort claims arising from a crime until the prosecution of the person who committed that crime is final. GA. CODE ANN. § 9-3-99. That tolling, however, is expressly limited to "any cause of action in tort that may be brought by the victim of an alleged crime." Id. (emphasis added). Bridgewater admits that she was not the victim of the alleged crime, but instead she was the defendant charged with the crime. See Valades v. Uslu, 689 S.E.2d 338, 342 (Ga. Ct. App. 2009). Therefore, § 9-3-99 did not toll the two-year statute of limitations period.[2]

**AFFIRMED.**

---

[2]Even liberally construing Bridgewater's largely incomprehensible brief, she does not appear to make any additional arguments in it. Therefore, any additional arguments are abandoned. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("If an argument is not fully briefed . . . we deem [it] abandoned and do not address its merits.").