[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-10622
_____

D.C. Docket No. 4:10-cv-00141-HLM

DEBRA TERRELL,

Plaintiff-Appellant,

versus

PAULDING COUNTY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 9, 2013)

Before PRYOR, JORDAN, and KLEINFELD,[*] Circuit Judges.

PER CURIAM:

_____

[*] Honorable Andrew J. Kleinfeld, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

Debra Terrell has been employed by the Paulding County Department of Transportation since 1996 and currently holds the position of Equipment Operator II. In this position, she is a licensed truck driver and the only woman in the department's road crews. In 2010, she sued the County and two individual defendants—Richard Huff, Superintendent of DOT's Road Maintenance Division, and his supervisor, DOT Director Scott Greene—for gender discrimination based on their failure to train and promote her to Equipment Operator III. She also asserted hostile work environment and retaliation claims against the County. The district court granted summary judgment in favor of the defendants on each claim, and Ms. Terrell now appeals.

We review the grant of summary judgment *de novo*, viewing the evidence in the light most favorable to Ms. Terrell. *See Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001). Because we find no reversible error, we affirm the district court's judgment.

I.

The district court concluded that Ms. Terrell's gender discrimination claim for failure to promote under 42 U.S.C. § 1983 was time barred as to the individual defendants.[1]  The statute of limitations for § 1983 claims in Georgia is two years.

---

[1] Ms. Terrell also alleged gender discrimination by the County in violation of Title VII of the Civil Rights Act. We do not address the timeliness of this claim because Ms. Terrell does not raise the issue on appeal, and counsel conceded at oral argument that her Title VII discrimination claim was time barred.

2

*See Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). The limitations period begins to run on the date of the discriminatory act. *See Chardon v. Fernandez*, 454 U.S. 6, 8 (1981). *Cf. Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003) (applying the statute of limitations in an ADEA case). The district court determined that the relevant date for statute of limitations purposes was June 2, 2008—the date that DOT promoted Caleb Carter rather than Ms. Terrell to EO III.

On appeal, Ms. Terrell disputes the relevant date of Mr. Carter's promotion. She claims the proper date is December 12, 2008, which is the date Mr. Carter officially began receiving EO III pay. The record indicates, however, that Mr. Carter was provisionally promoted to EO III on June 2, 2008, but received EO III pay in December of 2008.  *See* D.E. 50-8 at 48 ("Caleb [Carter] has filled an EO-3 position since June 2, 2008 as an EO-2.").

In fact, Ms. Terrell herself expressly presented this "provisional promotion" theory to the district court. *See* D.E. 55 at ¶ 23 ("Caleb Cater was temporarily placed in an EO III position on June 2, 2008."); D.E. 57 at 15 ("On June 2, 2008, Caleb Carter was promoted from an EO I slot to an EO III slot. Six months later, in December 2008, Carter was *permanently given* the EO III position because *he had been in the position for six months*.") (citation omitted and emphasis added). Counsel further admitted at oral argument that Ms. Terrell knew that Mr. Carter

3

was performing the EO III job in June of 2008. We therefore reject Ms. Terrell's contention that Mr. Carter's promotion did not occur until December of 2008. Ms. Terrell "invite[d] [the] court down the primrose path . . . [and] should not be heard to complain that the court accepted [her] invitation and went down that path." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1213 (11th Cir. 2011).

The two-year time bar, which is fatal to Ms. Terrell's failure-to-promote claim against the individual defendants, is inapplicable to the County.[2] Consequently, the district court reached the merits and concluded, among other things, that Ms. Terrell failed to assert a *prima facie* case for her failure to promote claim. *See* D.E. 69-1 at 94. Ms. Terrell attacks this conclusion by arguing that she was not required to apply for the EO III position because it was not advertised. This argument, however, is inapposite and fails to undermine the conclusion that Ms. Terrell did not make a *prima facie* case. Because Ms. Terrell asserts no other basis for reversal, we find no error in the district court's conclusion.[3]

II

To establish a *prima facie* case under Title VII for hostile work environment, Ms. Terrell was required to show that (1) she belongs to a protected group; (2) she

---

[2] Ms. Terrell and the County entered into a "tolling agreement" in which the County agreed not to raise a statute of limitations defense. *See* D.E. 64 at 44 n.60.

[3] In light of our view that Ms. Terrell did not assert a *prima facie* case, we need not reach her argument regarding the County's asserted nondiscriminatory reasons for the failure to promote.

has been subjected to unwelcome harassment; (3) the harassment was based on her gender; (4) the harassment was sufficiently severe or pervasive; and (5) a basis exists for holding the County liable for the harassment. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1258 (11th Cir. 1999) (en banc). Ms. Terrell challenges only the district court's ruling that she did not establish the last element of the *prima facie* case.

Liability for hostile work environment differs depending on whether the harassment was perpetrated by a co-worker or a supervisor. *See Torres-Negron v. Merck & Co.*, 488 F.3d 34, 40 (1st Cir. 2007). We, therefore, analyze the alleged incidents of co-worker harassment separately from the alleged incident involving a supervisor. *See Williams v. Gen. Motors Corp.*, 187 F.3d 553, 562 (6th Cir. 1999) ("[D]istrict courts are required to separate conduct by a supervisor from conduct by co-workers in order to apply the appropriate standards for employer liability.").

The record indicates that Ms. Terrell was subjected to demeaning and sexually suggestive comments and conduct by her co-workers. Ms. Terrell, however, failed to sufficiently put the County on notice about the behavior she was experiencing at the hands of her colleagues. Without such notice, whether constructive or actual, there is no basis for holding the County liable for the harassment. *See Breda v. Wolf Camera & Video*, 222 F.3d 886, 889 (11th Cir. 2000) ("Employer liability in a case involving sexual harassment by a co-worker

5

exists when the employer knew (actual notice) or should have known (constructive notice) of the harassment and failed to take remedial action."). The County's sexual harassment policy required Ms. Terrell to make complaints to her department head (Mr. Greene), the Director of Human Resources (Mr. Acker), or the Chairman of the County Commission. Ms. Terrell appears to have complained about harassment to various *other* individuals, but those complaints were not sufficient to put the County on constructive notice. *See Farley v. Am. Cast Iron Pipe Co.*, 115 F.3d 1548, 1554 (11th Cir. 1997).[4]

In an attempt to establish that the County had actual notice, Ms. Terrell points to several meetings with Mr. Acker and Mr. Greene during which she discussed the general hostility she received from her co-workers. In at least one meeting, however, Ms. Terrell specifically declined to give examples of the harassment she was experiencing. *See* D.E. 44-9 at 7, ¶ 16 ("I did say that I did not want to formally discuss actual sexual advances or comments at that time."). In another meeting, she indicated that she wanted to focus on other issues. *See id.* at 2, ¶ 4 ("[W]hat we discussed were examples of unwanted sexual advances and

---

[4] Under *Farley*, "an employer is insulated from liability under Title VII for a hostile environment sexual harassment claim premised on constructive knowledge of the harassment when the employer has adopted an anti-discrimination policy that is comprehensive, well-known to employees, vigorously enforced, and provides alternate avenues of redress." 115 F.3d at 1554. Ms. Terrell does not dispute the existence of a written policy but claims that it is ineffective because supervisory employees are not required to attend training. There is no legal support, however, for her assertion that lack of training makes the policy ineffective such that *Farley* should not apply.

comments, at which time I stated that I was more concerned with my training . . . ."). The record also lacks specific instances of co-worker harassment that were communicated to the proper officials. The district court therefore correctly held that Ms. Terrell failed to establish a sufficient basis to hold the County liable for the alleged conduct by her co-workers.

Unlike the co-worker harassment, Ms. Terrell did report a specific incident of supervisor harassment in 2007. *See* D.E. 46 at 168. As the district court explained, and Ms. Terrell does not dispute, the only such incident was a comment by supervisor Danny Cole regarding a "jackrabbit dildo." *See* D.E. 69-1 at 119. The district court concluded that the County was not liable because it had successfully established a so-called *Faragher/Ellerth* defense by showing that: (1) it exercised reasonable care to prevent and correct sexually harassing behavior; and (2) Ms. Terrell unreasonably failed to take advantage of preventive or corrective action opportunities. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). We find no merit to Ms. Terrell's arguments challenging this conclusion. Although she reported the incident in accordance with the County's harassment policy, the record does not support a finding that the County's response—including meeting with Ms. Terrell to discuss her concerns, instructing her to document her situation, and eventually offering her an alternative position—was inadequate. *See Coates v.*

7

*Sundor Brands, Inc.*, 164 F.3d 1361, 1369 (11th Cir. 1999). Accordingly, there was no basis to hold the County liable for alleged supervisor harassment.

### III

Finally, the district court properly concluded that Ms. Terrell failed to state a viable retaliation claim against the County. To establish a *prima facie* case under Title VII for retaliation, Ms. Terrell was required to show that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal relation between the protected activity and the adverse action. *See Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). Ms. Terrell contends that she suffered adverse employment actions when (1) she was passed over for an advertised EO III position in 2009; and (2) she was subject to various "collective additional acts of retaliation" by her co-workers. We disagree.

Regarding the EO III position for which Ms. Terrell applied, it is undisputed that the County never filled this position. On this record, we agree with the district court's conclusion that Ms. Terrell did not suffer an adverse employment action. *See Morgan v. Fed. Home Loan Mortg. Corp.*, 172 F. Supp. 2d 98, 113 (D.D.C. 2001) (finding no adverse action where the position was never filled).

The remainder of the retaliation allegations primarily involved Ms. Terrell being "shunned, isolated in the workplace, or called names" by her colleagues. *See*

D.E. 69-1 at 134. We have not explicitly recognized retaliatory co-worker harassment as an "adverse employment action" for retaliation purposes. *See Lewis v. U.S. Dep't of Labor*, 368 Fed. App'x 20, 30 (11th Cir. 2010) ("[W]e have not explicitly recognized a retaliation claim based on a hostile work environment."). *Cf. Richardson v. N.Y. State Dept. of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) ("[U]nchecked retaliatory co-worker harassment, if sufficiently severe, may constitute adverse employment action so as to satisfy the second prong of the retaliation *prima facie* case."), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Even if Ms. Terrell's allegations are generally actionable, "[m]ere ostracism in the workplace is not grounds for a retaliation claim . . . ." *Manatt v. Bank of Am.*, 339 F.3d 792, 803 (9th Cir. 2003). *See also Burlington*, 548 U.S. at 68 ("Title VII . . . does not set forth a general civility code for the American workplace.") (internal quotation marks omitted). Accordingly, the district court properly granted summary judgment on Ms. Terrell's retaliation claims.

IV

The district court's grant of summary judgment is affirmed.

**AFFIRMED.**

9