[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13534
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-05335-TWT

AGUSTIN ZAMUDIO,

Plaintiff-Appellant,

versus

J. HASKINS,
Nurse,
DAVID U. EKWUNIFE,
NURSE JANE DOE,
all individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 5, 2019)

Before BRANCH, EDMONDSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This appeal is about a statute of limitations.  Agustin Zamudio, a federal prisoner proceeding pro se, appeals the district court's sua sponte dismissal -- for failure to state a claim pursuant to 28 U.S.C. § 1915A -- of his 42 U.S.C. § 1983 complaint.  The district court determined that Zamudio's complaint was barred by the applicable statute of limitations and that no equitable tolling was warranted.  No reversible error has been shown; we affirm.

Zamudio filed his pro se complaint on 12 December 2017, against three members of the medical staff at Robert Deyton Detention Center ("RDDC") in Lovejoy, Georgia.  Zamudio alleged that -- while he was a pre-trial detainee at RDDC -- Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and committed medical malpractice under Georgia law.

Zamudio says that he injured his right shoulder and exacerbated a pre-existing injury to his left heel on 16 July 2014.  And when Zamudio sought medical attention at RDDC, Defendants laughed at him, ignored his complaints of pain, and provided inadequate care.

2

On 29 July 2014, Zamudio was transported to a local hospital where he underwent surgery on his left heel and right shoulder. Zamudio says he was diagnosed with a severe infection, MRSA, and sepsis. Following his hospitalization, Zamudio was transferred to the Columbia Regional Care Center in South Carolina, where he received extensive medical treatment for his injuries.

On 5 March 2015, Zamudio was transferred back to RDDC, where he remained until 30 April 2015. During that time, Zamudio says his wounds required daily cleaning and re-dressing. Defendants refused Zamudio's requests for assistance with his wound care and, instead, simply gave Zamudio bandages and told him to dress his wounds himself.

In a memo attached to Zamudio's amended complaint, Zamudio conceded that he filed his complaint outside the pertinent statutory limitations period. Zamudio argued, however, that the limitations period should be equitably tolled "during the spring of 2015 and all during 2017" because he was attempting to exhaust his administrative remedies.

The magistrate judge conducted an initial screening of Zamudio's complaint, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. The magistrate judge recommended that the complaint be dismissed as untimely

3

and for failure to state a claim because the complaint was filed outside the limitations period and because no equitable tolling was warranted. The district court adopted the magistrate judge's recommendation and dismissed Zamudio's complaint.

Statutes of limitation are not mere technicalities; they serve an important purpose in our legal system by requiring "plaintiffs to pursue diligent prosecution of known claims." See CTS Corp. v. Waldburger, 134 S.Ct. 2175, 2183 (2014) (quotation omitted). "Statutes of limitations promote justice by preventing surprises through plaintiffs' revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." Id. (quotation and alteration omitted).

We review de novo a district court's sua sponte dismissal under section 1915A(b)(1) for failure to state a claim. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278 (11th Cir. 2001). We review de novo the district court's decision about whether equitable tolling applies and review for clear error the district court's factual findings. Justice v. United States, 6 F.3d 1474, 1478 (11th Cir. 1993). The plaintiff bears the burden of demonstrating that equitable tolling is warranted. Id. at 1479. We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

4

A prisoner's complaint may be dismissed under the PLRA as time-barred if it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).  In section 1983 actions, federal courts refer typically to state law to determine the applicable statute of limitations and tolling rules.  Wallace v. Kato, 549 U.S. 384, 394 (2007).

That Zamudio's complaint was filed after the expiration of the applicable two-year statute of limitations is undisputed.[1]  More than two years elapsed between Defendants' complained-of conduct (in July 2014 and in March and April 2015) and the filing of Zamudio's complaint in December 2017.  The only issue on appeal is whether the limitations period should have been tolled.

Georgia statutory law authorizes the tolling of statutory limitations periods in certain specified circumstances, none of which are involved in this case.  See O.C.G.A. §§ 9-3-90 - 9-3-99 (providing for tolling in certain situations, including when a plaintiff is a minor or legally incompetent due to "intellectual disability or mental illness," or when fraud is involved).  Nor have we found a case in which a Georgia court has applied an equitable tolling doctrine.

---

[1] "[T]he proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." Williams v. Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).  Georgia law also provides a two-year statute of limitations for medical malpractice claims.  O.C.G.A. § 9-3-71(a).

Under the federal doctrine of equitable tolling,[2] the party seeking to toll the limitations period must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016) (en banc). To satisfy the diligence requirement, a plaintiff must show only "reasonable diligence," not "maximum feasible diligence." Holland v. Florida, 560 U.S. 631, 653 (2010).

The Supreme Court has stressed that equitable tolling "is an extraordinary remedy which should be extended only sparingly." Justice, 6 F.3d at 1479 (citation omitted). Generally speaking, equitable tolling is reserved for cases involving some affirmative misconduct or deception on the part of the adverse party. Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005); see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (equitable tolling may be appropriate in cases "where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass").

---

[2] Although we have declined expressly to rule on the issue, we have noted that other circuits apply federal equitable tolling principles to toll the limitations period during a prisoner's exhaustion of administrative remedies under 42 U.S.C. § 1997e(a). See Napier v. Preslicka, 314 F.3d 528, 534 n.3 (11th Cir. 2002) (citing Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002)); Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001) (declining to decide "whether the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) and the actual exhaustion of remedies by a prisoner will operate to toll the statute of limitations.").

6

Zamudio contends that equitable tolling is warranted in this case because he exercised reasonable diligence in attempting to exhaust his administrative remedies: a process that takes time. Zamudio says that he requested formal grievance forms from RDDC's staff three times: on 22 July 2014, in late March 2015, and on 26 March 2017. Having received no response to his requests, Zamudio filed a formal grievance on a "home-made form" on 19 June 2017. Zamudio again received no response. On 4 August 2017, Zamudio sent another letter to RDDC, which he said constituted an appeal from the "evident denial" of his 19 June grievance. Four months later, Zamudio filed the instant complaint.

Zamudio has failed to demonstrate the requisite level of diligence necessary to satisfy the federal standard for equitable tolling. In particular, the facts alleged by Zamudio show that he did nothing to pursue his rights for a span of two years: between March 2015 and March 2017.

Although Zamudio received no response to his first two requests for grievance forms, Zamudio made no attempt -- for two years -- to inquire about the status of his requests or to file (as he later did) a grievance on an unofficial form. In the light of this significant gap in Zamudio's attempts to exhaust his administrative remedies, Zamudio cannot show reasonable diligence. Cf. Drew v. Dep't of Corr., 297 F.3d 1278, 1288-89 (11th Cir. 2002) (concluding that a habeas

7

petitioner's "own lack of diligence" precluded equitable tolling when petitioner failed for 16 months to inquire about the status of his petition).  We have said that "[w]e have no difficulty concluding, as a matter of law, that a plaintiff who does nothing for two years is not diligent."  Villarreal, 839 F.3d at 972.

Nor has Zamudio offered a reasonable explanation that would excuse his failure to act during this two-year period.  We acknowledge that Zamudio underwent medical treatment for his foot and shoulder injuries during this time, including ongoing wound care, infection control, and a second surgery to remove screws from his foot in July 2016.  But Zamudio has not alleged that his medical condition was sufficiently debilitating to constitute "extraordinary circumstances" or to render him unable physically to pursue his grievance with RDDC.

Zamudio has also failed to allege facts showing that his prison transfers prevented him from pursuing diligently his rights.  Zamudio was transferred twice during his two-year period of inaction: once in April 2015 and once in February 2016.  Cf. Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (routine prison transfers constitute no "extraordinary circumstances" that would trigger equitable tolling).

Zamudio asserts on appeal that he was also hindered in pursuing diligently his rights by his limited understanding of English.  We have said, however, that a

8

party's inability to read or speak English is insufficient grounds to justify equitable tolling.  See United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005). Moreover, Zamudio's written requests to RDDC indicate that Zamudio had at least basic language proficiency and comprehension of RDDC's grievance procedures.

Limitation periods are an important part of the law.  Georgia law provides no tolling under the circumstances of this case.  And -- because Zamudio has alleged facts showing his lack of reasonable diligence in pursuing his rights -- he cannot satisfy his burden of showing that equitable tolling would be warranted under federal standards.  Accordingly, we affirm the dismissal of Zamudio's complaint as barred by the statute of limitations.

AFFIRMED.