[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10916

Non-Argument Calendar

————————————————

TAMIKO N. PEELE,
Individually on Behalf of Themselves,
ROBERT L. WALKER,
Individually on Behalf of Themselves,

Plaintiffs-Appellants,

*versus*

THE 17TH JUDICIAL CIRCUIT OF FLORIDA,
BROWARD COUNTY, FL,
it's Court Registry Depository Funds of Federal
Reserve Notes $180,030.00 U.S. Currency, it's
Records Division Instrument numbers
117519100, 112300593, 115467945,

113178049,
DOES 1-3,
inclusive in their individual and official capacity,
THE UNITED STATES OF AMERICA,
through its Social Security Administration
Program, it's Cooperative Disability Investigations
Program (CDI) and its Social Insurance
Administrators Velma T. Blaine, James Peavy,
Antonio Miguel Quinones, Brian Garber,
DOES 1-11,
inclusive and in their official and individual
capacity,
THE FLORIDA BAR CLIENTS' SECURITY FUND, et al.,

                                        Defendants-Appellee.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14037-AMC

———————————————

Before JILL PRYOR, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Appellants Tamiko Peele and Robert Walker, proceeding *pro se*, appeal the district court's *sua sponte* dismissal of their

complaint without prejudice as an impermissible "shotgun" pleading. They also challenge, generally, the removal of their case to federal court. Four of the appellees have moved for summary affirmance. For the following reasons, we grant the appellees' motions and affirm.

## I.

As a brief factual background, the appellants filed a state-court complaint against numerous defendants based on the aftermath of an injury Walker allegedly suffered while employed by one of the defendants, the United Parcel Service, Inc. ("UPS"). The appellants, who filed for bankruptcy protection after the injury, blamed UPS and the other defendants—including, for example, the U.S. Social Security Administration ("SSA"), Liberty Mutual Insurance Company, the Florida Bar, Truist Bank, and several individuals associated with these entities—for their alleged financial ruin.

The SSA removed the case to federal court. The appellants filed a notice objecting to the removal, but the filing provided no reasons why the case should be remanded.

Then, the district court *sua sponte* dismissed the complaint without prejudice, concluding that the complaint was an impermissible shotgun pleading that violated Federal Rules of Civil Procedure 8(a)(2) and 10(b). The court gave the appellants the opportunity to file an amended complaint and explained what defects in the complaint they would need to cure. The district court also notified the appellants of a procedure and deadline for seeking remand to the state court. In two separate orders issued between the

dismissal order and the deadline to file an amended complaint, the district court reminded the appellants of the due date for the amended complaint. Rather than filing an amended complaint or seeking a remand, however, the appellants appealed, identifying as the order for review the district court's order dismissing the complaint as a shotgun pleading. The district court then entered an order dismissing the action without prejudice based on the appellants' failure to file an amended complaint; the appellants thereafter amended their notice of appeal to include this order. Several of the defendants, now appellees, have filed motions for summary affirmance.

## II.

Summary disposition is appropriate either where time is of the essence, such as in "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).[1]

We review the district court's dismissal of a complaint on shotgun pleading grounds for an abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

---

[1] Decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

23-10916              Opinion of the Court                    5

We liberally construe *pro se* pleadings. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1206 (11th Cir. 2019). An appellant abandons an issue on appeal when she makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *Sapuppo v. Allstate Floridan Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014). "[S]imply stating that an issue exists," without providing reasoning and citation to authority upon which a party is relying, "constitutes abandonment of that issue." *Id.* at 681 (internal quotation marks omitted).

The "United States or any agency thereof" may remove a civil action against it that a party has commenced in state court. 28 U.S.C. § 1442(a)(1). "[U]nder section 1442(a)(1), the district court may take the entire case, even if it would not have jurisdiction over any of the claims against a codefendant." *Williams v. City of Atlanta*, 794 F.2d 624, 628 (11th Cir. 1986). After a case is removed, a motion to remand the case based on "any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

A complaint must contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Claims should be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "Shotgun" pleadings include complaints that: (1) contain multiple counts where each count adopts the

allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d at 1321–23. All these types of shotgun pleadings are characterized by their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A district court may dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2008) (internal quotation marks omitted). However, in the case of a non-merits dismissal on shotgun pleading grounds, the district court is required to allow the plaintiff one chance to remedy the deficient pleading. *Id.* If the court permits the plaintiff to amend and explains in its repleading order how the offending complaint violates the shotgun pleading rule, but the plaintiff still fails to remedy the pleading's defects, the court may in its discretion dismiss the case with prejudice. *Id.* at 1295–96. Regardless of what kind of defect the complaint suffers from, shotgun or otherwise, a plaintiff proceeding *pro se* must receive at least one opportunity to amend the complaint if he might be able to state a claim by doing so. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018).

### III.

We grant the appellees' motions for summary affirmance. First, the case was properly removed to federal court. The SSA, as a federal agency named as a defendant, was within its statutory right to remove the case to federal court. 28 U.S.C. § 1442(a)(1). Although the appellants did not directly challenge on appeal the district court's jurisdiction over the other defendants, we note that the district court also had ancillary jurisdiction over the other defendants by virtue of the SSA's proper removal of the case. *Williams*, 794 F.2d at 628. The appellants filed a joint notice objecting to the removal, but they did not identify any defect in the removal as required by 28 U.S.C. § 1447(c), nor did one exist. Finally, the appellants have not raised any arguments as to the district court's subject matter jurisdiction that would warrant a remand back to state court. *Id.* Thus, any challenge to the removal of the case from state to federal court is meritless.

Second, the appellants have abandoned any argument as to the dismissal of their complaint as an impermissible shotgun pleading. They make passing references to the concept of a "Shot Gun Pleading," and they offer the conclusory statement that the district court abused its discretion and violated their right to due process in dismissing their complaint. But they otherwise make no substantive argument to explain how their complaint was not in fact a shotgun pleading. These sort of passing references, we have held, are insufficient to preserve an issue for appeal. *Sapuppo*, 739 F.3d at 681.

Even assuming for the sake of argument that the appellants have not abandoned the issue on appeal, on the merits, the district court did not abuse its discretion in dismissing the complaint without prejudice as a shotgun pleading. *Weiland*, 792 F.3d at 1320. The complaint fit two of the types of shotgun pleadings we previously have identified. It contained multiple counts that adopted the allegations of all preceding counts, and it asserted multiple claims against multiple defendants without specifying which of the defendants were responsible for which acts. *Id.* at 1321–23. [**DE 1-2:20–33.**] Therefore, the district court was permitted to dismiss the complaint under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro Inc.*, 878 F.3d at 1295 (internal quotation marks omitted). The district court also correctly allowed the appellants an opportunity to replead, gave specific and detailed instructions on how to cure the deficiencies in the complaint, and gave multiple warnings as to when the amended complaint was due. *Id.* at 1295–96; *Woldeab*, 885 F.3d at 1291–92. The appellants failed to take the opportunity to replead by the given deadline. Instead, they chose to appeal the order dismissing their initial complaint without prejudice, later amending their notice of appeal to include the district court's order dismissing the case for failure to meet the repleading deadline. In sum, the district court satisfied its obligations to the appellants and was within its discretion to dismiss the complaint as an impermissible shotgun pleading. *Weiland*, 792 F.3d at 1320.

Because the appellees' positions are clearly right as a matter of law, we grant their motions for summary affirmance.

**AFFIRMED.**